## ALSTON v. COLEMAN, ET AL.

1. The bequest of freedom to a slave after the determination of a life estate in the same slave, created at the same time, must be construed with reference to existing laws, and not with reference to laws as they may exist at the time when the bequest if effectual, would vest. Such a bequest is void under the existing laws, and therefore a bequest of money to the executor, to be used for the benefit of the slave is void, and it falls into the general residuum of the estate.

Writ of error to the County Court of Marengo.

On a final settlement of the estate of Jesse Coleman, deceased, in said Court, at the instance of William J. Alston, executor, an item of $1,500 in his account, was excepted to by the distributees of the estate. The executor claimed to reserve this sum, in accordance with a clause in Coleman's will, in these terms. " Then, out of the proceeds of said sales, I wish $1,500 to be reserved by the executors, to be applied to the use and benefit of the within mentioned child, Caroline, left to my wife during her life time, and which said $1,500, I wish used at the discretion of my executors, for the use of the said mentioned Caroline, and daughter of Tamer."

In a previous part of the will is found this clause : " I give and bequeath to my wife, Elizabeth, during her life time, a certain negro child slave, named Caroline, and at the death of my wife, it is my wish that the said child Caroline be set free." Tamer, the mother, is given to the same person in fee. Another bequest appears in the will, of a slave named Dave, to one of the testator's sons, to hold for the term of twenty years, after which lapse of time, it is his earnest request and desire that the slave should be set free.

The judge of the County Court decided, that the bequest of $1,500 for the uses expressed was illegal, and decreed it to be distributed in common with the general residuum. The executor excepted to this decision, and it is now assigned as error.

Lyon for the plaintiff in error.

GOLDTHWAITE, J.—We had occasion in the case of Trotter v. Blocker, 6 Porter, 269, to examine the question of capacity of an owner of slaves in this State, under its laws, to emancipate them by will. We then came to the conclusion, that they can only be made free in the mode, and manner provided by statute.

That decision necessarily covers this case, in one aspect, unless the intention of the testator to defer the gift of freedom until after the determination of the life estate created in the slaves, makes an available distinction. And at first, we were inclined to think that such a distinction could be drawn, so as to bring this within the influence of the decision made by the Court of Appeals of Virginia, in the case of Pleasants v. Pleasants, 2 Call. 270. There the will was made at a period, when, as here at present, emancipation was prohibited; but the will directed the slaves should be free at the period when they respectively should attain the age of thirty years, *if the laws of the State would then permit them to be so.* The Court held this bequest was valid; and as the law was changed in that State some few years after the death of the testator, the slaves were declared entitled to freedom.

The difference between that will and the one before us, is, that in this the important words *if the laws will then permit,* are omitted; and though, at first, we inclined to the opinion that the testator's intention ought to be construed with reference to such laws as should be in force when he directed the slave to be freed, yet, further reflection has satisfied us that such is not the correct rule to interpret, or to give effect to this or any other will. This will be entirely evident if we suppose the devise of an estate in lands, by such words as would now constitute a contingent remainder in tail, if our statute prohibiting such an estate was not in force. Under such a devise, the remainder man would take a fee simple, although previous to the vesting of the remainder, the law should be changed. So a similar limitation in remainder, by words which, under the existing law, would import an indefinite failure of issue, could not, it is supposed, impair the quality of the estate which the remainder man would take, although the law should be changed before the happening of the contingency upon which the estate was to vest. The reason would be, that

Alston v. Coleman, et al.

all men are presumed to make their wills deeds, or contracts, with reference to the existing laws, unless the contrary is clearly expressed. A contract entered into now, for the payment of money at a future day, to bear ten per cent. interest, would not be valid, though it might be, if the condition was added, *if the law will then permit*, and the law was afterwards changed. The case of Moses v. Denagree, 6 Rand. 561, decided in the same Court as was that of Pleasants v. Pleasants, is the same in effect as this, There, at a time when emancipation was prohibited, a slaveholder, by deed, attempted to manumit a slave at a future day. At the same time, by his will, he bequeathed the services of the slave until the slave should be free, and referred to the deed as having performed that act. Before the period came, an act was passed allowing emancipation, but the Court held, that neither will, or deed, was effectual for that purpose.

For these reasons, and under the influence of this authority, we are constrained to declare the will ineffectual to emancipate the slave Caroline; and upon this conclusion, it seems well established by all authorities, that the trust created for her benefit is illegal, and falls into the general residuum of the estate. It has been held that a devise of lands, in trust for the maintenance of a slave is void. [Cunningham v. Cunningham, 2 C. & N. 353.] So a bequest of goods and chattels for the use of such persons. [Haywood v. Cresen, 2 Car. L. R. 557.] And such also was our conclusion in Trotter v. Blocker and wife, 6 Porter, 269.

The result is, that there is no error in the judgment of the County Court, and its judgment is therefore affirmed.