## POOL *vs.* HARRISON.

1. Where a party surrenders the possession of personal property to an administrator as assets of the estate, and without objection suffers it to be distributed as such under an order of the Orphans' Court, he is estopped, as against the administrator, from afterwards asserting a claim to the property; and whether such surrender was on the de-

mand of the administrator or voluntary, or whether the administrator had previously regarded the property as assets and returned it in his inventory, or not, can make no difference.

2. A party cannot be allowed to go behind an estoppel and insist upon the validity of the claim on which the estoppel operates.

3. A bequest of property in trust for certain slaves, whom the testator attempts by his will to emancipate, is void, and the property thus bequeathed falls into the general residuum of the estate for distribution.

4. It is within the discretion of the primary court to allow a party, to whom interrogatories have been propounded under the statute, to answer after the expiration of sixty days from the service, or to amend his answers, and its action thereon will not be reviewed.

ERROR to the Circuit Court of Dallas. Tried before the Hon. Nathan Cook.

THIS was an action of detinue instituted by the plaintiff against the defendant in error to recover certain slaves. The defendant filed the plea of *non detinet* and two of estoppel. The first plea of estoppel avers that the defendant was the administrator, with the will annexed, of Richard Harrison, deceased, and demanded the slaves in controversy, with a number of others, of the plaintiff, as assets of the estate; that the plaintiff delivered them up on such demand; and they were afterwards distributed as the property of the estate under an order of the Orphans' Court, without any assertion of claim or objection from him. The second plea of estoppel differs from the first in this merely, that it avers the delivery of the slaves by the plaintiff to the defendant as assets, without the averment of a previous demand. The plaintiff demurred to each of these pleas, and his demurrer being overruled, replied to the first plea of estoppel and admitting all of the plea to be true except so much as avers that the said defendant demanded the slaves of the plaintiff, which he denies to be true, says that said slaves never were delivered up by him to said defendant as administrator, upon a demand of them by him, and that the defendant was not as such administrator, by or in consequence of such delivery, induced to regard them as assets of said estate, but that previous to that time, and whilst they were in the possession of the plaintiff, he had returned them in his inventory as assets, &c. The replication to the second plea of estoppel, admitting &c., avers the same matter of avoidance

that it is stated in the replication to the first in reference to the return of the slaves by the administrator in his inventory whilst they were in the plaintiff's possession. The defendant demurred to each of these replications, and his demurrer was sustained. The plaintiffs then replied over to both pleas of estoppel, that the slaves sued for belonged to him under and by virtue of the last will and testament of the defendant's testator. The will is made a part of this replication and contains the following among other clauses: First, I hereby emancipate and set free the following slaves, to wit, Harriet, Sally, Margaret, Jim, Celia, and Fernandez, wish them to remain in the State of Alabama, provided there can be a special act of the Legislature obtained for that purpose, and if not, then it is my will and desire that they be removed to some free State and supplied out of the trust property hereinafter mentioned, with suitable means for a comfortable location in the State to which they may be removed." Secondly, "I give and bequeath unto Ephraim Pool, as trustee, for the sole and exclusive use, benefit, and behoof of the said Harriet, Sally, Margaret, Jim, Celia and Fernandez, the following negroes, to wit, Cinthia, &c., the same to be kept and managed by the said Pool, for the sole and exclusive use, benefit and behoof of the said Harriet," &c. The replication then proceeds to aver that the defendant had no right in law to distribute said slaves as assets of said estate among the distributees thereof, and that the defendant assented to the legacy in his favor. To this replication there was a demurrer, which the court sustained.

By the bill of exceptions it appears that interrogatories propounded by the plaintiff to the defendant were served on him on the 19th April 1849, and his answers not filed until the 1st November 1849, eighteen days before the cause was called for trial. The plaintiff thereupon moved the court to reject them, because not filed within sixty days after service of the interrogatories, to set aside the defendant's pleas, and to award a judgment by default, which the court refused to do, being satisfied with the excuse offered by the defendant for the delay in filing his answer. The plaintiffs then excepted to one of the answers for insufficiency, and the objection being admitted by the opposite counsel as well taken, the court, on motion of the defendant, allowed him to amend his answer so as to make it a full response

Pool v. Harrison.

to the interrogatory. To the various rulings of the court the plaintiff excepted, and each of them is now assigned as error.

G. W. GAYLE, for the plaintiff.

WM. HUNTER, for the defendant.

CHILTON, J.—This case was before this court at a previous term.—16 Ala. 167. We have carefully examined the opinion in that case, and find that it covers the material points raised upon the record before us. We think it very clear that the unqualified surrender by Pool to Kirkland Harrison, the administrator, of the slaves in dispute, as assets of the estate of Richard Harrison, deceased, and the subsequent distribution of them among the next of kin, without any objection from him, all which was done by order of the Orphans' Court and with Pool's concurrence or rather without objection from him, completely estops him from afterwards claiming the slaves, as against the administrator. The pleas which set up this estoppel were good, and are fully sustained by the previous decision made in this cause.—16 Ala. 175, *et seq.* Nor does it make any difference whether said slaves were surrendered upon the demand of the administrator or were voluntarily brought forward and delivered by Pool without such demand; nor whether the administrator regarded them as property of said estate, and so returned them in his inventory, before such delivery was made. The gist of the estoppel is that Pool delivered them to the administrator as assets for distribution, and they were accordingly distributed. He should not then be heard to complain against the administrator, and hold him liable for the consequences resulting from his own act. But it is unnecessary to elaborate this point or to cite authorities in support of it. It is very clear the pleas of estoppel, pleaded as they were in short by the consent of counsel, were substantially correct, and the several replications to them were bad.

As to the joint replication to both these pleas, it did not deny the estoppel, but averred that the plaintiff was entitled to the slaves by the will of Richard B. Harrison, thus going behind the estoppel, and attempting to set up the claim upon which the estoppel operated as valid notwithstanding.—1 Chitty's Pl. 604.

Pool v. Harrison.

But if it were allowable in the case before us, the replication shows the plaintiff had no title, which he could assert against the personal representative of the estate of R. B. Harrison. The will makes him a trustee of the slaves sued for, for the use of other slaves attempted to be emancipated by the will. Several decisions of this court are in point to show that such a bequest cannot be supported, as it contravenes the law of the land. We consider this point as concluded by Alston v. Coleman et al., 7 Ala. 795, and Trotter v. Blocker, 6 Port. 269. In the case first cited, the testator attempted to emancipate a slave by his will and declared a trust for her benefit in the sum of $1500, to be used for her benefit at the discretion of his executor, but it was held that the will was ineffectual to emancipate the slave, and to be well established by the authorities, that the trust created for the slave's benefit was illegal, and that it fell into the residuum of the estate; citing several authorities to show that the trust was void.—See also, 9 Ala. 481; Welch's Heirs v. Welch's Adm'r, 14 ib. 76; Carroll & Wife v. Brumby, adm'r, 13 ib. 102. We conclude, therefore, that this trust is void, and the property so bequeathed falls into the residuum of the estate for distribution.

The only remaining point is the action taken by the court upon the interrogatories, filed by the plaintiff for discovery, under the statute.—Clay's Dig. 341, § 160. We think the court had the discretionary power to allow the defendant to answer after the expiration of the sixty days named in the statute, and to allow him to amend the answer filed by him, there appearing a sufficient excuse, in the estimation of the primary court, for granting such indulgence. This being the exercise of a discretion on the part of the court below, this court will not reverse it. This view harmonizes with the decision made by our predecessors in the case of Goodwin, use, &c. v. Harrison, 6 Ala. 438.

We are unable to perceive any error in the record, and the judgment is consequently affirmed.