HORATIO N. SLATER & another *vs.* REUBEN JEPHERSON.

Acts of occupation of woodland, by cutting wood and timber for use and sale, clearing for cultivation, running lines, and marking them by lopping trees, and a sale of a part of the land, are not sufficient, without any cultivation or fencing of the premises, to constitute a disseisin; although such acts are within the knowledge of the owner.

THIS was a writ of entry to recover a tract of woodland, part of a larger lot claimed by the demandants. The tenant pleaded the general issue, and specified title in himself, first by grant, and secondly by disseisin of the demandants for more than twenty years previous to the date of the writ.

At the trial before *Wilde*, J., the tenant, to prove the disseisin, offered evidence tending to show the occupation of the

---

* See acc. *Loomis* v. *Bedel.* 11 N. H. 74.

premises for a period of thirty years; the cutting of wood from the lot for the use of his own fire; the cutting of wood and timber for sale; the cutting off at one time of the entire wood and timber standing upon the premises; the clearing of a small piece of the land with a view to cultivation, though it was not cultivated; the sale of a part of the premises; the running by the tenant of a line between the premises and land of the demandants; and the lopping of trees to indicate and mark the line run, though not for the purposes of fence; and that such occupation was known to the demandants or their agents and those under whom they claimed; it being testified on the part of the demandants, that their agent, within the twenty years on which the tenant relied in support of his title by disseisin, entered on the premises and claimed the same as the property of the demandants. No evidence was offered of the cultivation or fencing of the premises.

The presiding judge ruled, that there being no evidence of cultivation or inclosure, there was no disseisin in law. He also ruled, that if such entry and claim were made by the demandants' agent, or the agent of those from whom the demandants derived their title, that would be sufficient to defeat the tenant's title by disseisin.

The verdict was for the demandants, and the tenant thereupon excepted.

*B. F. Thomas*, for the tenant, argued that disseisin was a fact, to be found by the jury, and that there was sufficient evidence to go to the jury, upon which they might have found a disseisin; and cited *Pray* v. *Peirce*, 7 Mass. 381; *Taylor* v. *Horde*, 1 Burr. 60, 113; Angell on Lim. (2d ed.) 414, 427; *Bates* v. *Norcross*, 14 Pick. 224; *Blood* v. *Wood*, 1 Met. 528; *Robison* v. *Swett*, 3 Greenl. 316; *Kennebec Purchase* v. *Springer*, 4 Mass. 416; *Coburn* v. *Hollis*, 3 Met. 125; *Allen* v. *Holton*, 20 Pick. 458; *Ellicott* v. *Pearl*, 10 Peters, 412; *Ewing* v. *Burnet*, 11 Peters, 41, 52; 1 Cruise, (Greenl. ed.) 52 and note; 2 Greenl. Ev. § 557; *Melvin* v. *Locks and Canals*, 5 Met. 15; *Sumner* v. *Stevens*, 6 Met. 337; *Brimmer* v. *Long Wharf*, 5 Pick. 131; *Tilton* v. *Hunter*, 11 Shep. 29; *Drake* v. *Curtis*, 1 Cush. 395; Stearns on Real Actions, 33, 34.

*P. C. Bacon*, for the demandants, cited *Boston Mill Corporation* v. *Bulfinch*, 6 Mass. 229, 232; *Small* v. *Proctor*, 15 Mass. 495; *Coburn* v. *Hollis*, 3 Met. 125; *Poignard* v. *Smith*, 6 Pick. 172; *Melvin* v. *Locks and Canals*, 5 Met. 15; *Parker* v. *Locks and Canals*, 3 Met. 91, 99; *Rust* v. *Boston Mill Corporation*, 6 Pick. 158; *Wheeler* v. *Stone*, 1 Cush. 313; *Blood* v. *Wood*, 1 Met. 528; *Bradstreet* v. *Huntington*, 5 Peters, 402; *Ewing* v. *Burnet*, 11 Peters, 41; Angell on Lim. (2d ed.) 414, 416; *Stanley* v. *White*, 14 East, 332; *Alden* v. *Gilmore*, 1 Shep. 178; *Doe* v. *Campbell*, 10 Johns. 475, 477; *Jackson* v. *Leonard*, 9 Cow. 653; *Brandt* v. *Ogden*, 1 Johns. 156; *Hawk* v. *Senseman*, 6 S. & R. 21; *Johnston* v. *Irwin*, 3 S. & R. 291, 294; *Gibson* v. *Martin*, 1 Har. & J. 545; *Bailey* v. *Irby*, 2 Nott & McC. 343; *Macarty* v. *Foucher*, 12 Martin, La. 11; *Prevost* v. *Johnson*, 9 Martin, La. 123; *Jackson* v. *Sharp*, 9 Johns. 163; *Brimmer* v. *Long Wharf*, 5 Pick. 131, 134; *Trotter* v. *Cassady*, 3 A. K. Marsh. 365; *Braxdale* v. *Speed*, 1 A. K. Marsh. 105; *Clark* v. *Courtney*, 5 Peters, 319, 354; *Society for Propagation of Gospel* v. *Pawlet*, 4 Peters, 480.

SHAW, C. J.   On the trial of this case, the tenant offered evidence to prove title by grant and also by disseisin.   The question of title by grant was left to the jury, upon the evidence, under instructions which were not objected to.

On the subject of disseisin, the tenant offered evidence tending to show occupation, by cutting wood and timber for use and for sale, the cutting off at one time of all the wood and timber standing upon the premises, the clearing of a small piece of the land with a view to cultivation, the sale of a part of the premises, the running of a line between the premises and the demandants' other land, and the marking of the line run by lopping trees; and that such occupation was known to the demandants and to those under whom they claim.   The land demanded was open and uninclosed woodland.   No evidence was offered to show the inclosure of the land by fences, the building upon it, or cultivating it.

According to the cases decided in Massachusetts, and in Maine, whilst a part of the state of Massachusetts, these acts are not in their nature acts of exclusive possession, and there-

fore do not constitute proof of disseisin; and the judge, we think, was right in so stating the law to the jury.   We are aware, that a somewhat modified rule, as to what amounts to a disseisin, has prevailed elsewhere; but our own rule has been too long practised upon, and too steadily adhered to, to war rant us in now changing it.   It is of great importance to adhere steadily to established precedents, especially when they furnish rules regulating the title to real estate.   No case, we think, has gone the length of deciding, in Massachusetts, that acts like those stated in the report would disseize the true owner, that is, the owner by documentary and record title.

*Exceptions overruled.*