## BUMGARDNER *vs.* TAYLOR.

[ACTION ON PROMISSORY NOTE—PLEA, STATUTE OF LIMITATIONS—REPLICATION, SUBSEQUENT PROMISE—REJOINDER, PROMISE MADE ON SUNDAY.]

1. *Promise made on Sunday does not avoid statute of limitations.*—A subsequent promise to pay a debt, whether express or implied, if made on Sunday, does not take the case out of the statute of limitations.

APPEAL from the Circuit Court of Benton.
Tried before the Hon. THOMAS A. WALKER.

THIS action was brought by the appellant, and was founded on two promissory notes. The defendant pleaded the statute of limitations of six years, to which the plaintiff replied a subsequent promise; and the defendant rejoined, that said subsequent promise, if any was made, was made on Sunday, and was therefore void. The evidence adduced on the trial, in proof of the subsequent promise relied on, consisted of the defendant's admission of the justness of the debt, and a promise to pay it by hauling cotton for plaintiff; and this promise was made on Sunday, after one of the notes was barred by the statute, but before the bar was complete as to the other. The court charged the jury, in effect, that the subsequent promise, if made on Sunday, was void, and they must find for defendant; to which charge the plaintiff excepted, and which he now assigns as error, with other matters which it is unnecessary to notice.

G. C. WHATLEY, for the appellant, contended that a promise made on Sunday, though void as a contract, was good as an admission, and cited the following cases: Kepner v. Keefer, 6 Watts, 232; Ray v. Catlett & Buck, 12 B. Monroe, 535; Rainey v. Capps, 22 Ala. 293.

M. J. TURNLEY, *contra*, cited Clay's Digest, 592, § 1; Code, § 1571; Hooper v. Edwards, 18 Ala. 280; same case, 25 *ib.* 528.

WALKER, J.—The only question in this case, which it is necessary for us to notice, is whether a promise made on Sunday will take a contract out of the statute of limitations. So far as this question is concerned, there is no distinction between a promise made in the words of the party, and the promise which is inferred from a distinct admission of the justness of a debt, and a liability to pay it. It would be unreasonable, to place the promise inferred from an admission, upon a more favorable footing for the creditor than a promise distinctly and designedly made. In the case of Hussey v. Roquemore, 27 Ala. 289, it is held, that a promise made to a creditor's agent, to pay a debt, if he would not sue upon it, upon which the agent acted, could not operate by way of estoppel, because it was made on Sunday. The question in this case is settled by the principle involved in that decision.

It results, that the court did not err in giving the charges excepted to, or in rendering the judgment; and the judgment of the court below is affirmed.