## JAMES HARRISON *vs.* ELIZABETH CONLAN.

If in a particular religious denomination the pastor furnishes the organist, and accordingly agrees with an organist for a certain time at a specified price, and dies before the expiration of the time, and the church is subsequently closed, his estate is only liable to pay for the time of the organist's actual services, with interest after a demand; although the organist was ready to play afterwards.

CONTRACT against the administratrix of the estate of James T. McDermott, upon a promissory note of $200; an account annexed, upon which it was conceded that $180 was due; and upon a contract to pay the plaintiff for his services as organist in St. Mary's Church in Lowell.

Concerning the last item of claim, it was agreed in the superior court that about the 1st of January 1862 the plaintiff agreed with the defendant's intestate to play the organ in that church for three months, for which the latter agreed to pay fifty dollars. McDermott was of the Roman Catholic faith, and was and for several years had been the sole pastor of the Catholic congregation worshipping in that church, and during most of the time the plaintiff had been his organist. In pursuance of the contract the plaintiff entered upon his duties as organist, and continued to perform them till McDermott's death, about the 1st of February 1862. He was always ready to play the organ afterwards, during the remainder of his time, but the church was not afterwards opened, except on the occasion of McDermott's funeral. In Catholic churches the organist is furnished by the

pastor, and the pastor can only be appointed by the bishop, and no successor to McDermott was appointed. It was agreed that, if the court should be of opinion that the contract was ended by McDermott's death, the plaintiff should recover $16.67, with $5 more for playing at the funeral; or otherwise $50. No demand of payment was made before the commencement of this action, but the plaintiff claimed interest from McDermott's death.

Upon these facts, judgment was rendered for $50, in addition to the other items concerning which there was no dispute, with interest from the date of the writ; and both parties appealed to this court, the plaintiff appealing on the question of interest.

*J. C. Kimball,* for the plaintiff.

*D. S. Richardson,* for the defendant.

METCALF, J. It is a general rule of law that the legal representatives of a deceased person — his executors or administrators — are bound to perform his contracts, and are liable to actions for his breach of them. But there is an exception to this rule when the contract of the deceased requires, from its nature or for other reason, to be performed by him, or to him, personally; as if he engages to compose a book or to make a painting or engraving, or engages to pay another, during a specified time, for attending on his person and for no other service. In these and like cases his representatives are held answerable for breaches of his contract during his life, and not for breaches thereof after his death. His death ends such contracts, and those who contracted with him can recover of his representatives only *pro rata* damages or *pro rata* compensation. By Baron Bayley, 1 Tyrwh. 350. By Baron Parke, 1 M. & W. 423, and 4 Exch. 866. By Chapman, J., 6 Allen, 129. 2 Williams on Executors, (4th Amer. ed.) 1467. Addison on Con. (2d Amer. ed.) 1060, 1061. *Dickinson* v *Calahan,* 19 Penn. State R. 227. *White* v. *The Commonwealth,* 39 Ib. 167. *Knight* v. *Bean,* 22 Maine, 536. *Fenton* v. *Clark,* 11 Verm. 563. Chit. Con. (10th Amer. ed.) 101, 804. Such is the uniform course of decisions, though there is not an entire uniformity of judicial opinion as to the contracts which fall within the exception to the above mentioned acknowledged general rule concerning the liability of executors and administrators.

The present case seems to us to be that of a contract by the plaintiff to render personal service, and no other, to the defendant's intestate, for three months, for fifty dollars; that by the intestate's death at the expiration of one month the contract was ended, and further service under it rendered impossible; and that, according to the foregoing authorities, the plaintiff is entitled to recover only *pro rata* compensation, to wit, for one third of fifty dollars — $16.67.

It appears, from the facts on which the parties have agreed, that the defendant's intestate, when he contracted with the plaintiff, was sole pastor of a Catholic congregation, and that in Catholic churches the organist is furnished by the pastor. We infer from this that the pastor has the direction of the use of the organ in public worship, no less than he has charge of the offering of prayers and of the imparting of religious instruction, and that the services of the organist are rendered to him personally as conductor of the worship of the church.

In the case before us, the pastor appointed the plaintiff as organist, and made himself personally answerable to pay him, as he would have done for any other service to him personally. He "furnished" the plaintiff as organist, who had, for several previous years, been " his organist."

The ruling of the judge of the superior court as to interest on the plaintiff's account annexed to his writ was right, namely, that it was recoverable only from the commencement of the action. Payment was not wrongfully withheld, until after demand of payment, and demand was first made by commencing the action. *Hunt* v. *Nevers*, 15 Pick. 505. *Goff* v. *Rehoboth*, 2 Cush. 478.

The only change that we make in the judgment appealed from is in the sum which the plaintiff is to recover for his service as organist, namely, $16.67, instead of $50. We have not inquired whether the defendant would be legally answerable for the plaintiff's services at the funeral of the deceased, ($5.00,) because the parties have agreed that this shall be recovered, if the plaintiff's contract was ended by the death of the intestate.

Judgment is to be entered or the plaintiff for the amount of

principal and interest on the note for $200, which was made payable with interest; for $180 on the account annexed to his writ; and $16.67 and $5, for services as organist, and interest on the last three sums from the commencement of the action.