TIMOTHY P. MOSELEY & another *vs.* ANTHONY HATCH.

*If* an agent who is authorized to accept an instrument of guaranty, which is to take effect on delivery and acceptance, does so on the Lord's Day, the instrument is invalid, although it bears date of a secular day and the principal has no personal knowledge of the unlawful act.

CONTRACT, brought May 23, 1870, by Timothy P. Moseley and Jonathan W. Hodgman, partners under the firm of Moseley & Hodgman, on this instrument signed by the defendant: " Saugus, Mass. January 1st 1870. I, the undersigned, Anthony Hatch, farmer, of Saugus, in consideration of one dollar and other valuable considerations paid me by Jereboam L. Pike, of Lynn, do hereby guarantee the payment on demand of any and all sums of money due to Moseley & Hodgman, of Boston, from said Pike, for any goods purchased by him, the said Pike, during the year 1870, the amount not to exceed the sum of $100." The case was submitted to the judgment of the superior court, and of this court on appeal, upon the following statement of facts:

" The plaintiffs are dealers in iron in Boston. In December 1869 Pike applied to them to purchase goods upon credit. They declined to sell him without security; but expressed their willingness to sell, if he could procure the guaranty of the defendant. Pike obtained from the defendant a written guaranty, which he carried to the plaintiffs, who objected to its form for some reason, and declined to receive it. Afterwards, on Saturday, January 1, 1870, a clerk of the plaintiffs wrote the paper in suit, exactly as above, except that the word ' 1st ' was not inserted in the date. A small bill of goods was selected by Pike, and these goods, with the blank and unsigned guaranty, were delivered by the plaintiffs to Abel Reardon, an expressman, with instructions to deliver the goods to Pike if Hatch signed the paper, but not otherwise. On Sunday, January 2, Pike and Reardon went to the defendant's house and explained to him that the former paper was unsatisfactory. The defendant then signed the guaranty; and the word ' 1st ' was written in the date, either by him or in his presence. All this took place on Sunday afternoon, before sunset. The pa

per was then taken by Reardon, who delivered the goods to Pike on Monday, and on the same day delivered the guaranty to his employers, the plaintiffs, who had no knowledge that it was signed on Sunday until long afterwards. The goods so delivered to Pike were paid for by him, but he subsequently purchased other goods, during the month of January, to the amount of $113.92, for which he has never paid. In the latter part of February, the plaintiffs undertook to collect their bill of Pike, but found that he had absconded. In the early part of March the defendant was notified of Pike's default, and payment was demanded of him, which he refused."

If on these facts the plaintiffs could recover, they were to take judgment for an agreed sum; otherwise judgment was to be given for the defendant.

*H. A. Clapp*, for the plaintiffs.

*S. B. Ives, Jr., & H. M. Rogers*, for the defendant.

GRAY, J. Upon the facts agreed, Reardon was employed by the plaintiffs only, and was their authorized agent to accept in their behalf from the defendant the instrument of guaranty which the plaintiffs had caused to be drawn up and had intrusted to Reardon for the purpose of obtaining the defendant's signature. The only delivery of that guaranty by the defendant, and the only acceptance thereof from him by or in behalf of the plaintiffs were the delivery to Reardon and acceptance by him as such agent. The guaranty took effect upon such delivery and acceptance, if at all. But it could not take effect then, because it was the Lord's Day, and the contract thus made was in violation of the statute for the observance of that day. Gen. Sts. *c.* 84, § 1. The plaintiffs, through their agent, having participated in that illegal contract, cannot maintain any action upon it. *Merriam* v. *Stearns*, 10 Cush. 257. *Tuckerman* v. *Hinkley*, 9 Allen, 452, 454. *Hazard* v. *Day*, 14 Allen, 487. *Smith* v. *Sparrow*, 4 Bing. 84; *S. C.* 12 Moore, 266. *Cranson* v. *Goss*, 107 Mass. 439.

*Judgment for the defendant.*