FRANKLIN COUNTY.

SABRINA C. CLAPP *vs.* BENJAMIN HALE.

The fact that an indorsement of part payment made on a promissory note bore date upon a day of the month which was Sunday, joined with evidence that it was made at the time of the payment and in the presence of both parties and assented to by them, will warrant a jury in finding that the payment was made on that day.

A part payment made upon Sunday will not take a debt out of the operation of the statute of limitations.

CONTRACT upon the following promissory note : " $80. Deerfield, Oct. 13, 1864. For value received I promise to pay Sabrina C. Clapp, or order, eighty dollars on demand. Benjamin Hale." Indorsed upon the note was this : " January 31, 1869. Received ten dollars." The writ was dated June 21, 1871.

At the trial in the Superior Court before *Lord*, J., the plaintiff testified to the loan of the money, and that in the winter of 1868–69, a payment of ten dollars was made upon the note. She and her daughter, who was the wife of the defendant, but had since separated from him, testified that the payment was made during the winter, while the daughter was sick in bed: that the indorsement was written by the daughter, as was the body of the note; that the defendant paid the money, and passed

Clapp *v.* Hale.

the note, and the pen and ink, to the daughter and requested her to write the indorsement ; that she wrote as he dictated. Each testified that she did not know the day of the month, when the payment was made, or whether the date of the indorsement was the true date ; and neither of them was asked, nor did either testify on what day of the week the payment was made. After the evidence on both sides was closed, the defendant's counsel offered to show by the calendar that January 31, 1869, was Sunday, and it was admitted to be so by the plaintiff's counsel.

The presiding judge instructed the jury, that if the payment was made substantially as testified to by the two witnesses, there was nothing in the testimony to prevent the plaintiff from recovering ; that although he was requested by the defendant's counsel to instruct them, " that in the absence of all other evidence of the time of payment, the date of the indorsement was to be presumed and taken as the true time of payment, and that it was competent for the jury to find that the payment was made on Sunday, and that if so made on Sunday, it would not operate to renew the note or continue the note valid after the expiration of six years from its date," yet he did not deem the case required any instruction other than that given ; and he declined to instruct as thus requested by the defendant, and further said to the jury that if the payment was made substantially as stated by the witnesses, the plaintiff was entitled to recover.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. Brainard,* for the defendant.

*W. Griswold & C. G. Delano,* for the plaintiff.

GRAY, C. J. It is the opinion of a majority of the court, for the reasons to be now stated, that the defendant's exceptions must be sustained, and a new trial had.

The action is on a promissory note, to which the defendant has pleaded the statute of limitations. The plaintiff, in order to take the case out of the statute, relied on a payment made to her by the defendant within six years before the action was brought. It appears by the bill of exceptions that at the time of that payment a third person, daughter of the plaintiff and wife of the

defendant, wrote by his dictation and in the presence of the plaintiff upon the back of the note as follows: "January 31, 1869. Received ten dollars." The defendant offered to show by the calendar, and the plaintiff admitted, that January 31, 1869, was Sunday; and this appears to have been one of the facts in the case, upon which the rulings and instructions were based. This contemporaneous record or memorandum of the payment, made in the presence of both parties, was evidence to be considered by the jury together with the circumstances testified to at the trial ; and the jury would have been warranted in inferring that this statement of the date was correct, and known and assented to by both parties to be correct, at the time when it was written, and that the payment was therefore made on the Lord's day. *Bustin* v. *Rogers*, 11 Cush. 346. *Pearson* v *Shaw*, 7 Irish Law, 1.

If the jury should be satisfied that the payment was made on Sunday, the case would stand thus: The plaintiff declares on a cause of action, under a simple contract, which accrued more than six years before the date of the writ. The defendant pleads the statute of limitations, which is a conclusive defence unless a payment within six years is proved. The fact of such payment is, therefore, a link in the chain of evidence necessary to sustain the plaintiff's action. The statute prohibits and makes penal the doing of any manner of labor, business or work on the Lord's day, except works of necessity and charity. Gen. Sts. *c.* 84, § 1. It is not pretended that the payment of this note was a work of necessity or charity. When any act, essential to constitute or complete the right to recover, is in violation of that statute, the plaintiff cannot demand the assistance of the judiciary to defeat the will of the legislature. The court will not assist either party to avoid or to take advantage of the illegal act, but will leave both parties as it finds them. The act stands effectual so far as it has been executed, but cannot be made the foundation or support of any executory obligation to be judicially enforced. A delivery of goods or payment of money on the Lord's day may vest the property therein, or extinguish an existing obligation, so far as the property or money has passed from one party to the other, but cannot be availed of for any other

purpose. The courts will equally refuse to assist one party to recover back what he has thus paid or transferred; and the other party to deny that he has received it, or to assert any new rights by reason of such payment or transfer or in any degree founded thereon. *Johnson* v. *Willis*, 7 Gray, 164. *Hammond* v. *American Ins. Co.* 10 Gray, 306, 310. *Myers* v. *Meinrath*, 101 Mass. 366. *Cranson* v. *Goss*, 107 Mass. 439, 441. *Moseley* v. *Hatch*, 108 Mass. 517. *Bumgardner* v. *Taylor*, 28 Ala. 687. It follows that if the payment in question was made on the Lord's day, the plaintiff cannot recover. *Exceptions sustained.*