GEORGE W. SWETT & others *vs.* SIMON G. SOUTHWORTH & another.

Hampden. Sept. 25. — Oct. 21, 1878. AMES & SOULE, JJ., absent.

In an action of contract on a promissory note and on an account annexed, the defence of payment is open under an answer alleging " that if the plaintiff shall prove the making of the note declared on, or any of the items in the plaintiff's bill of particulars, the same have been fully paid."

In an action for goods sold and delivered, the only issue was payment. The evidence tended to show that the defendant sent the plaintiff the note of a third person indorsed by the defendant, together with his own check for a small amount, in payment, and the same were received by the plaintiff with full knowledge that such was the defendant's intention; that the plaintiff, upon receiving the note and check, indorsed the latter, and sent it with the note to a mercantile agency, with instructions to send the note to its attorney and have the same returned to the de-

fendant, and the plaintiff's account collected; that the agency followed these instructions, but its attorney, instead of returning the note and check as directed, indorsed the latter, deposited it in bank, and it was duly paid, and returned to the defendant in the ordinary course of business; that the attorney lost the note soon after receiving it, but did not inform either the plaintiff or defendant of the loss until after its maturity, and more than four months after its loss, when he wrote the defendant that the note was lost; that the maker of the lost note was able and ready to pay it at its maturity, had he been called upon to do so; that the plaintiff supposed the note had been returned to the defendant; that the defendant was never given a receipt for the account; and that the note in suit was never returned to him, but he supposed that the note of the third party and his own check had been received by the plaintiff, in payment of the account and note in suit. *Held*, that the evidence warranted the inference that the attorney was the agent of the plaintiff, for whose neglect he was responsible; that the laches and misconduct of the agent made the note and check the property of the plaintiff, and operated as satisfaction of his demand; and that there was sufficient evidence of payment.

CONTRACT upon an account annexed for goods sold and delivered, and upon a promissory note given by the defendants to the plaintiffs. Answer: 1. A general denial. 2. "And the defendants aver that if the plaintiffs shall prove the making of the note declared on, or any of the items in the plaintiffs' bill of particulars, the same have been fully paid."

At the trial in the Superior Court, before *Gardner*, J., without a jury, the plaintiffs objected to the admission of any evidence of payment under this answer; but the judge overruled the objection.

It appeared that the plaintiffs, who did business in Troy, N. Y., sold the goods declared for to the defendants, who did business at Chicopee in this Commonwealth; and that the note in suit was given by the defendants for other goods similarly sold and delivered. It was conceded that the note and account were correct and due, unless the plaintiffs had been paid.

To prove payment, the defendants offered evidence tending to show that the plaintiffs sent the note and account to a collection agency in Troy, N. Y., for collection; that the agency sent the same in the ordinary course of business to an attorney at law in the county of Hampshire, for collection; that the plaintiffs, in March, prior to sending the note and account to said agency, had written to the defendants, saying, if the note and account were not settled, they would sue the same; that soon after the receipt of this, on March 10, 1874, in response to a demand from

the plaintiffs, they sent to the latter, in payment of the note and account, a note for $100, dated February 25, 1874, signed by Gabriel Benn, payable to the defendants in five months, and by them indorsed in blank, together with a check for $7.76, signed by the defendants, which balanced the plaintiffs' demand against them. No question was made by the plaintiffs that the note and check were sent by the defendants with the intention of balancing the demand, and that it was so understood by the plaintiffs. The plaintiffs, upon receiving the note and check, indorsed the check, and sent the same, with the note, to the agency in Trcy, with instructions to send the note to its correspondent in Massachusetts, and have the same returned to the defendants, and the plaintiffs' original note and account collected. The agency followed these instructions, and the attorney in Massachusetts received the Benn note and check on March 27, 1874. He forthwith indorsed the check, deposited it in bank, and it was duly paid and returned to the defendants in the ordinary course of business. The attorney lost the Benn note soon after receiving it, but did not notify either the plaintiffs or the defendants of the loss until August 13, 1874, when he wrote the defendants that the note was lost, that the plaintiffs refused to receive it as payment, and demanding payment of the original note and account in his hands for collection.

There was also evidence tending to show that Benn was able and ready to pay the note at its maturity, had he been called upon to do so; that the plaintiffs did not authorize their attorneys to accept the Benn note in payment of the note and account in suit, and supposed the Benn note had been returned to the defendants; that the defendants were never given a receipt for the account; and that the note in suit was never returned to them.

The plaintiffs contended that the above evidence did not, in law, amount to payment; and requested the judge to rule as follows: " 1. If the plaintiffs seasonably handed the note of Benn to their attorneys at Troy, with directions, which were never revoked nor waived, to return the same to the defendants, and they, in pursuance of that direction, sent it to an attorney in Massachusetts with explicit instructions to return it to the defendants, and the last-named attorney accidentally lost the note

so that he could not return it, that would not preclude the plain-tiffs from recovering. 2. The failure of the attorney in Massachusetts to return the note would not amount to payment, and would be no defence to this action." The judge declined so to rule ; but ruled that the facts furnished sufficient evidence of payment; and found for the defendants. The plaintiffs alleged exceptions.

*L. White*, for the plaintiffs, to the point that the answer did not sufficiently aver payment, cited *Suit* v. *Woodhall*, 116 Mass. 547 ; *Jackman* v. *Doland*, 116 Mass. 550 ; *Caverly* v. *Mc Owen*, 123 Mass. 574.

*C. L. Long*, for the defendants.

ENDICOTT, J. The defence of payment is positively averred in the answer. After a general denial, " the defendants aver, that if the plaintiffs shall prove the making of the note declared on, or any of the items in the plaintiffs' bill of particulars, the same have been fully paid." The case is clearly to be distinguished from *Caverly* v. *Mc Owen*, 123 Mass. 574, and the other cases cited by the plaintiffs.

It appears from the bill of exceptions, that the defendants sent the note of a third party, indorsed by them, together with their own check for a small amount, to the plaintiffs, as and for payment of the plaintiffs' demand, and the same were received by the plaintiffs with full knowledge that such was the defendants' intention. If the plaintiffs were unwilling to accept the note and check in payment, it was their duty within a reasonable time to return them to the defendants, directly or through their agents, to whom they had entrusted the collection of their demand. There was evidence from which it might fairly be inferred that the person to whom they were sent in Massachusetts, to be returned to the defendants, was the agent of the plaintiffs, for whose neglect they were responsible. This agent, instead of returning them as directed, indorsed the check, deposited the same in bank, and it was duly paid, and returned to the defendants through their own bank; the note he lost soon after receiving t. After the maturity of the note, and more than four mon is after its loss, he wrote to the defendants that the note was lost, that the plaintiffs refused to receive it, and demanding payment of the original debt in his hands for collection.

By the neglect of their agent the note was not returned within a reasonable time; and although the defendants had reason to suppose, from the collection of their check, that the check and note had been accepted in payment, they received no notice of the loss of the note until after its maturity. The laches and misconduct of the plaintiffs' agent made the note and check their own, and operated as satisfaction of their demand. The plaintiffs cannot now say that their demand was not paid by the note and check; and the presiding judge correctly ruled that there was sufficient evidence of payment. See *Taylor* v. *Wilson*, 11 Met. 44; *Camidge* v. *Allenby*, 6 B. & C. 373.

*Exceptions overruled.*