SEYMOUR W. STEVENS *vs.* ADDISON WOOD.

Suffolk.    March 7. — June 28, 1879.    MORTON & ENDICOTT, JJ., absent.

A., the holder of an overdue promissory note signed by C., requested B. to see his
debtor and collect the note or get a new note for it.  B., who acted in the
matter gratuitously, took from C. on the Lord's day a new note dated on a
secular day, payable on demand to A.'s order, and gave the old note to C., and
afterwards delivered the new note to A., who indorsed it to D.  Neither A. nor
D. knew that the note was delivered to B. on the Lord's day, and C. in so de-
livering it intended to defraud A.  *Held,* that, in an action by A. on the note
against C., the defence of illegality would have been open; and that, under the
Gen. Sts. *c.* 53, § 10, the same defence was open in an action by the indorsee;
and that C.'s intention was immaterial.

CONTRACT upon a promissory note for $63.50, dated June 1,
1877, signed by the defendant, payable to Charles G. Fletcher
or order on demand, and by him indorsed to the plaintiff.  Writ
dated March 7, 1878.  Answer, that the note was signed and
delivered on the Lord's day.  Trial in the Superior Court, with-
out a jury, before *Colburn*, J., who found the following facts :

Fletcher held a note against the defendant, dated June 5, 1871,
payable on demand, upon which no payment had been made.
In May and June, 1877, Fletcher was temporarily absent from
the Commonwealth, and, finding that the note would soon be
barred by the statute of limitations, made up the amount which
would be due on the note to June 1, 1877, and wrote the note in
suit, with the exception of the signature and indorsement, and
sent the old note with the new one to Ralph Ball, who was a
friend and neighbor of his in this state, with a request that Ball
should call on the defendant before the old note was barred by
the statute, and collect the old note, or get him to sign the new
note in renewal.  The notes were received by Ball in the latter
part of May 1877, and on May 31, which was Thursday, he
called upon the defendant, stated the request he had received
from Fletcher, and asked him to pay the old note, or sign the
new one.  The defendant said he could not pay that day, but
promised to call upon Ball before the next Saturday night, and
pay the old note or sign the new one.  The defendant did not
call as he had promised, but on Sunday, June 3, 1877, he called
upon Ball, gave an excuse for not coming before, stated that he

hardly thought he should be able to pay the old note, that he wished to take the new note and examine it to see if the interest was cast correctly, and promised to sign it if he found it right, and send it to Ball on Monday morning. The defendant then took the new note away, signed it, and in the evening of that day sent the new note by a messenger to Ball. Ball at first declined to take the note on Sunday, but the messenger complained of the great inconvenience of coming again, and he took it and gave up the old note. A few days afterwards Ball handed the note in suit to the wife and daughter of Fletcher, who received it upon his return home. Some months afterwards, Fletcher indorsed the note to the plaintiff. At the time of the indorsement, neither Fletcher nor the plaintiff had the slightest reason to suppose that any of the business relating to the note had been transacted on Sunday. Ball was a farmer, had no interest in the notes, acted simply as a friend of Fletcher in the matter, without compensation, and, so far as appeared, had never acted for Fletcher in any capacity at any other time. The defendant, a few weeks after the note was given, stated that he conceived the idea of making and delivering the note on Sunday, in order to avoid paying his debt, and boasted of his adroitness in doing it, as the old note was in his possession and outlawed, and he thought the new one void.

Upon these facts, the judge found for the plaintiff, and ordered judgment for the amount of the note and interest. The defendant alleged exceptions.

*C. A. Batchelder*, for the defendant.

*R. Lund & G. H. Remele*, for the plaintiff.

GRAY, C. J. The whole transaction between the defendant and Ball, the agent of Fletcher, by which the old note was surrendered and the new note delivered and accepted instead thereof, took place on the Lord's day. Fletcher could not avail himself of that transaction so as to sue on the new note, except upon the ground that the act of Ball was either previously authorized or afterwards ratified by him. But the contract made by the delivery and acceptance of the note on that day, in violation of the Lord's day act, was illegal, and incapable of ratification. Fletcher, therefore, could not maintain an action thereon; and as the defence is allowed, not for the benefit of the defendant,

but because the court cannot lend its aid to the plaintiff, the defendant's motive in entering into the illegal contract is immaterial. Gen. Sts. c. 84, § 1. *Moseley* v. *Hatch*, 108 Mass. 517. *Cranson* v. *Goss*, 107 Mass. 439, 440, 441, and cases cited. *Clapp* v. *Hale*, 112 Mass. 368. The note in suit, being payable on demand, is open to the same defences in the hands of an indorsee as if the action had been brought by Fletcher, the promisee. Gen. Sts. c. 53, § 10. *Exceptions sustained.*