## WHITCHER v. McCONNELL.

Part payment of a note on Sunday, and an indorsement of it on the same day, are not evidence of a new promise to remove the bar of the statute of limitations.

A payment upon a note owned by two persons, each having a several interest in it, of the amount owned by one, will not operate as a renewal of the note in favor of the other.

ASSUMPSIT, on a note dated March 20, 1867, payable to Mercy Whitcher, or order, and by her indorsed to the plaintiff. Plea, the statute of limitations, and replication, a new promise. The payee had given the note to the defendant's wife, excepting $36, which it was understood the defendant was to pay to her within six years of the suit. On Sunday the defendant gave to the payee his note for $44.64, being $36 and interest from the date of the gift, and on the same day indorsed on the note in suit $36. Subsequently, the $44.64 note was paid to Mercy Whitcher, and she indorsed the note held by the defendant's wife to the plaintiff. The referee found for the defendant; and the question is upon the competency of the evidence upon the question of a new promise.

*Foster*, with whom were *Bingham, Mitchell & Batchellor*, for the defendant.

*Carpenter*, for the plaintiff.

ALLEN, J. The transaction by which the defendant gave a note of $44.64 to Mercy Whitcher, and indorsed $36 on the note in suit, was upon Sunday, and, being illegal, was not evidence from which a new promise could be inferred. *Clapp* v. *Hale*, 112 Mass. 368. The subsequent payments were voluntary payments to Mercy Whitcher, intended to be on her note of $44.64, and not on the note in suit. Nothing was paid on the plaintiff's note. The fact that the $44.64 note was void does not contradict the fact that the defendant paid and intended to pay that note, and is no evidence that he paid or intended to pay some other note, which at the time he did not see nor have in mind; nor was there any transaction between him and the holder in regard to the payment of the other note. The fact that the defendant paid a note which he was not obliged to pay, cannot be made to work a payment of another note, nor operate to renew it.

*Judgment for the defendant.*

STANLEY, J., did not sit: the others concurred.