SAMUEL R. GORDON *vs.* MAX LEVINE.

Suffolk.   November 12, 1907. — February 25, 1908.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Bills and Notes.   Lord's Day.   Payment.*

A check on a bank delivered on Sunday by the drawer to the payee in payment of a debt contracted by the drawer on a secular day and accepted by the payee as such payment is invalid and of no effect in the hands of the payee; but, if the payee receives payment of the check from the bank or value for it from one to whom he negotiates it, he cannot again collect the debt from the drawer.

If the drawer of a check upon a bank delivers it to the payee on Sunday and the payee on a secular day negotiates it by indorsement for value to one who has no notice of the fact that it was delivered to the payee on Sunday, the check thereby becomes a valid check in the hands of the indorsee.

At the trial of an action of contract for money alleged to have been lent to the defendant by the plaintiff, it appeared that the money was lent as alleged on a secular day, that the defendant, who was of Boston, drew a check dated on a Saturday upon a Boston bank payable to the plaintiff, and on Sunday delivered it to the plaintiff, who was of Chelsea, in payment of the debt, and that the defendant accepted it as such payment and negotiated it on Monday to one from whom he received its full face value.   No presentment of the check was made until Friday at a time after the bank upon which it was drawn had failed, it having failed on that day.   The plaintiff thereupon returned to the person to whom he had negotiated the check the money he had received therefor.   From the time when the check was drawn to the time when the bank failed, there were funds of the defendant in the bank sufficient to pay it.   The plaintiff requested the presiding judge to rule, "If the check was delivered on Sunday, it was invalid and of no legal effect, and the plaintiff is entitled to recover on his count for money lent."   The presiding judge refused to rule as requested and found for the defendant, and the plaintiff excepted.   *Held,* that, since the presiding judge might have found either that the plaintiff had received the amount called for by the check, or that he might have received it but for his own neglect, he was not bound to give the ruling requested.

CONTRACT in three counts, the first count being for $100 loaned to the defendant by the plaintiff with interest from

January 1, 1906, and the second and third counts being upon a check drawn upon the Provident Securities and Banking Company. Writ in the Municipal Court for the City of Boston dated January 29, 1906.

On appeal to the Superior Court, the case was tried before *Sanderson,* J., without a jury. From his findings, it appears that the following were the facts: In consideration of a valid debt of $100 contracted on a secular day, the defendant delivered to the plaintiff on Sunday, December 31, 1905, a check dated December 30, 1905, for $100 drawn on the Provident Securities and Banking Company and payable to the plaintiff, and the plaintiff accepted it in payment of the debt. The defendant and the bank upon which the check was drawn were of Boston, and the plaintiff of Chelsea. The plaintiff negotiated said check on Monday, January 1, 1906, and it bore, besides the indorsement of the plaintiff, those of one Benjamin Saievetz and of B. Rutstein and Son, and of Faneuil Hall National Bank. It was deposited for collection on January 4, 1906, in the Faneuil Hall National Bank, of Boston, whose messenger went with it on Friday, January 5, 1906, to the Provident Securities and Banking Company, and found its doors closed, the bank having failed on that day. No previous presentment had been made. From the time when the check was drawn to the time when the bank failed there were funds in the bank sufficient to pay it. The check was returned in due course to the plaintiff who returned the $100 which he had received upon the negotiation of said check. There had been no other payment of the indebtedness of the defendant to the plaintiff except by the delivery of the check.

The presiding judge, besides refusing to give the ruling requested by the plaintiff and set out in the opinion, ruled, at the request of the defendant, " That a check must be presented for payment within a reasonable time after its issue, and that in order to have been presented within a reasonable time the check in suit should have been presented before close of the banking hour on the next secular day after delivery (either Monday, January 1, or the latest on Tuesday, January 2). That its transfer to successive holders would not extend the time for presentment, and the presentment on Friday, January 5, would not be within a reasonable time, and if the bank failed in the

meantime and the defendant sustained a loss in consequence of delay in presenting the check, he would be discharged from liability to that extent."

There was a finding for the defendant, and the plaintiff alleged exceptions.

*F. P. Garland*, for the plaintiff.

*N. Barnett*, for the defendant.

LORING, J.    The only question before us in the case at bar is that raised by an exception to the refusal to give the following ruling asked for by the plaintiff: "If the check was delivered on Sunday it was invalid and had no legal effect, and the plaintiff is entitled to recover on his count for money" lent.

It is true that, "if the check was delivered on Sunday, it was invalid and had no legal effect," and that the plaintiff could not have recovered if he had brought suit on it against the defendant on non-payment by the bank after a presentment within the proper time.   *Stevens* v. *Wood*, 127 Mass. 123.

But it does not follow that "the plaintiff is entitled to recover on his count for money" lent.

A defence to the count for money lent would have been made out if the plaintiff had received the $100 from the bank on presenting the check to it for payment.

It was decided in *Johnson* v. *Willis*, 7 Gray, 164, that a payment made on Sunday is a defence to an action for the recovery of the debt so paid.   To the same effect see *Cranson* v. *Goss*, 107 Mass. 439, 441; *Leonard* v. *Travis*, 6 Allen, 129, 130; *Clapp* v. *Hale*, 112 Mass. 368, 370.

In the case we have supposed, where the plaintiff received his $100 from the bank on presenting the check for payment, it is true that the defendant could not make out his defence without showing an infraction of the Sunday law.   But that is equally true where the debt is paid on Sunday in cash.   As was said by Metcalf, J., in *Leonard* v. *Travis*, 6 Allen, 129, 130: "A debtor violates the law by paying the debt on Sunday.   So does the creditor by receiving it on that day; but he cannot enforce a second payment.   *Johnson* v. *Willis*, 7 Gray, 164."

The distinction established by the cases in this Commonwealth is this: The court will not aid a party to recover on a Sunday transaction on the one hand; but on the other hand it will not

treat as a nullity what was done on Sunday in performance of a valid contract; it will give to the act done on Sunday its legal effect when set up in defence.

This is made clear by the language of the opinions in *Johnson* v. *Willis*, 7 Gray, 164, *Cranson* v. *Goss*, 107 Mass. 439, 441, and *Leonard* v. *Travis*, 6 Allen, 129, 130, and it is established by the decision in *Clapp* v. *Hale*, 112 Mass. 368. In that case it was decided that while a part payment on Sunday was effectual as payment *pro tanto* it did not take the note out of the operation of the statute of limitations.

To come to the case at bar the plaintiff in fact got his $100 by "negotiating" the check, and the result is the same as if he had received the money from the bank.

It appears from the bill of exceptions that when he "negotiated" the check on Monday he received from the indorsee the $100 called for by it. It is stated that when the check was returned to the plaintiff he "returned the $100 which he had received upon the negotiation of said check." But that fact is of no consequence.

The check was a valid check in the hands of the purchaser to whom it was negotiated on Monday. A negotiable instrument void because delivered on Sunday is valid in the hands of a *bonà fide* purchaser for value without notice. *Cranson* v. *Goss*, 107 Mass. 439. The statute (as to the rights of a purchaser of a negotiable instrument payable on demand) in force when *Stevens* v. *Wood*, 127 Mass. 123, was decided, was repealed by the negotiable instruments act, now R. L. c. 73, § 70.

The purchaser of this check from the plaintiff lost his rights against the plaintiff (the payee who indorsed it to him) when he failed to present it within a reasonable time, for the same reason that he lost them against the drawer; as to which see *Gordon* v. *Levine*, 194 Mass. 418. It follows that the repayment of the $100 on the check being " returned in due course," was a voluntary payment which the plaintiff was not bound to make.

Further, if the plaintiff, in place of negotiating the check, had kept it until it was presented on Friday, when it was too late, (see *Gordon* v. *Levine*, 194 Mass. 418,) and (because it was presented too late) the check was not paid and the money was lost, the result would have been the same. In that case he

could have had his money had he presented the check within the proper time; and since in that case the money was lost through his neglect in not presenting the check within a reasonable time, he cannot stand in a better position than he would have stood in had he acted with due promptness.

The only apparent explanation for the plaintiff's returning the $100 on the return of the check was that in spite of the facts stated above the check was not "negotiated" to a *bona fide* purchaser, but was "negotiated" to his own agent. If it was, the neglect to present the check within a reasonable time was the plaintiff's own neglect.

Since the judge in the case at bar may have found (1) that the plaintiff received the $100 called for by the check, or (2) that he might have received it but for his own neglect, he was not bound to give the ruling asked for. See in that connection *Swett* v. *Southworth*, 125 Mass. 417; *Whitney* v. *Esson*, 99 Mass. 308. The entry must be

*Exceptions overruled.*