March 13, 1875. WINN *v.* THOMAS.

A note given by a debtor to induce his creditor to sign a composition deed, without the knowledge of the other creditors who are parties to the deed, is illegal and void, and it will make no difference if the note is given to a third party, who pays the amount to such creditor, having knowledge of all the circumstances.

Such note being illegal and void cannot be the consideration of a new promise.

ASSUMPSIT on a promissory note, dated July 1, 1868, for $2,500. Defence, illegal and fraudulent consideration. Trial before RAND, J. The material facts are as follows:

The defendant and one Barrett had been doing business as partners, and were indebted to the plaintiff's father, John Winn. Having failed in business, they were negotiating a settlement with their creditors, and applied to John Winn to sign their composition deed, which he declined to do. They then applied to the plaintiff, and offered to pay him $2,500 for inducing his father to execute the deed. It was finally arranged that the plaintiff should take the note and apply it towards the payment of a debt from his father to him, and on this being done John Winn executed the composition deed.

These facts were all known to the plaintiff, to John Winn, and to the defendant Thomas and his partner Barrett, but were not known to the other creditors until after they had signed the composition deed and received their dividends. John Winn also received his dividend.

The composition deed was admitted in evidence, subject to the plaintiff's exception.

The court held that the consideration was illegal, and that the action could not be maintained, and thereupon the plaintiff offered to prove a new promise. The court *pro forma* ruled that this evidence was admissible, to which the defendant excepted. The jury found a verdict for the plaintiff on the new promise, which the defendant moved to set aside, and the questions arising on the case were transferred to the superior court. If the action can be maintained, judgment on the verdict is to be rendered for the plaintiff; otherwise, judgment for the defendant.

*Stevens & Parker* and *W. W. Bailey*, for the plaintiff.

The circumstances of the case are entirely different from those usual in similar cases, and should be so regarded in determining the law. The defendant applied to John Winn for his signature to the composition deed, which was refused, as he had a perfect right to do. The defendant then applied to the plaintiff, and told him what he would give him if he would get his father to sign the deed. No mention was made of paying money to John Winn, and if John Winn had signed the deed without pecuniary consideration, merely from influence of love and affection for his son, and through his solicitation, we submit that the law would have imputed no fraud in the whole transaction. The agreement between the plaintiff and the defendant was not necessarily fraudulent, and whatever fraud there may be found in the transaction was brought about by the artifice and procurement of the defendant. He was the originator and schemer in the matter. The plaintiff, in his innocence, was deceived and led into the scheme by the defendant. John Winn did nothing till he received the balance in money, and the trade between the plaintiff and John Winn having been consummated by the payment of the consideration money by the plaintiff, by the assent and procurement of the defendant, the property in the balance of the note passed to the plaintiff. *Gage* v. *Whittier*, 17 N. H. 312. The promise of the defendant to pay the balance, as represented by the

note in suit, was good—*Trumball* v. *Tilton*, 21 N. H. 128—especially the promise found by the jury to have been made. To permit this defendant to repudiate his contract, originated by himself for his own benefit, and made under all the circumstances of this case on the ground of fraud, would be neither just nor equitable. The parties are not *in pari delicto*. It may be regarded as a purchase by the plaintiff, at the defendant's request, of the balance of John Winn's debt, and a promise by the defendant to pay the same to the plaintiff, which promise was subsequently acknowledged and confirmed by the defendant, as found by the jury; or, it may be regarded as an advancement of money by the plaintiff at the defendant's request, to pay a part of this debt, and as such can be recovered back. *Faikney* v. *Reynous*, 4 Burr. 2069. There is a distinction between a voluntary payment, and one made at the request of a party. *Petrie* v. *Hannay*, 3 Term 418. There was no fraudulent intent on the part of the plaintiff.

*A. W. Sawyer*, for the defendant, cited numerous authorities to the point that such a note was fraudulent as to other creditors, against public policy, illegal, and void. To the point that the composition deed was rightly admitted in evidence, he cited 21 N. H. 128, 16 N. H. 255, *Case* v. *Gerrish*, 15 Pick. 49, Chitty on Cont. 658, 659, *Pierce* v. *Wood*, 23 N. H. 530, *Frost* v. *Gage*, 6 Allen 50, and *Sternburg* v. *Bowman*, 103 Mass. 325.

CUSHING, C. J. It is difficult to see on what ground the admission of the composition deed was objected to. If it had been on the ground that the original ought to have been produced, that objection should have been stated, as it might have been obviated by the defendant. We must understand either that the objection was not taken, or that a sufficient foundation was laid for the introduction of the copy. The existence of that composition deed, and the fact of its execution by John Winn, were facts material to the defence, and were as proper to be proved as any other facts.

It is difficult to see how the fact that the transaction with John Winn was effected through the agency of his son makes any difference. The facts still remain, that John Winn was induced to sign the composition deed by receiving more from the debtors than the other creditors received, and that the other creditors were induced to sign the deed by the belief that Winn, who was a large creditor, had agreed to stand on equal terms with themselves; and this is precisely the fraud which makes the transaction illegal. John Winn knew that he was deceiving the other creditors, and causing them to believe that he stood on equal terms with them when he did not, and that the excess which he was to receive over and above the others was to come indirectly from the debtors. The plaintiff also knew all about the transaction, and was active in bringing it about. If the plaintiff had interfered, and by payment, or otherwise, induced John Winn to sign the deed without the knowledge of the defendant, that would perhaps have relieved the

defendant from the imputation of fraud ; but even then the other cred
itors would have reason to complain that John Winn had not dealt
fairly with them.

On the whole, there seems no doubt that this note is open to the
objection that it was given for an illegal and fraudulent consideration,
and must therefore be considered as void.   The cases are so numerous
on this point that it seems hardly necessary to cite many.   *Trumball* v.
*Tilton*, 21 N. H. 128 ; UPHAM, J., in *Brown* v. *Stackpole*, 9 N. H. 482,
and cases there cited.

It is, however, contended that the plaintiff can recover on the new
promise which has been found by the jury.   It should be observed,
however, that this new promise is not a promise to John Winn to pay
the balance of the original debt, but a promise to this plaintiff to pay
this note, of which the consideration was illegal.   This case differs from
the case of *Trumball* v. *Tilton* still further, in the fact that in that case
the debtor had not paid to his creditor the amount which by the terms
of the deed he was bound to, and which payment was the condition of
his discharge.   In the present case the promised dividends had been
paid to and received by John Winn.

In *Cranson* v. *Goss*, 107 Mass. 439, GRAY, J., speaking of the ratifi-
cation of an illegal contract, says,—"And it follows that as between
them it is incapable of being confirmed or ratified, for, in suing upon
the original contract after its ratification by the defendant, it would
still be necessary for the plaintiff, in proving his case, to show his own
illegal act in making the contract at first."   And in *Trumbull* v. *Tilton*
it is said,—" But if he [*i. e.*, the plaintiff] require any assistance from
the illegal transaction to establish his claim, he must fail."

It appears to me that the plaintiff is in this situation.   He cannot
prove his new promise without the aid of his note, and without show-
ing the illegal consideration on which the new promise is founded.

LADD, J.   The case shows that this note was given for the balance
of John Winn's debt over and above what he received under the com-
position ; that it was in reality regarded and treated by both John
Winn and the plaintiff as the property of the former, being received
by the son in the way of payment of a debt due him, for services, by
his father.   Of course the plaintiff knew all about the transaction, and
the ground upon which it was given, having himself procured his father
to sign the deed in pursuance of the arrangement entered into between
him and Barrett and Thomas.   It was therefore invalid from the first,
in the hands of the plaintiff as well as in the hands of John Winn, by
reason of the fraud against other signers of the composition deed in
the transaction out of which it arose.   But it is said the new promise,
having a moral obligation to support it, revived the debt and supplied
a good cause of action in favor of the plaintiff, within the doctrine of
*Trumball* v. *Tilton*, 21 N. H. 128.   I do not think so.   The ground of
that decision is, that the moral obligation to pay may furnish a suffi-
cient consideration to support a promise so as to revive the original

debt. The trouble here is, that the original debt was to John Winn and not to the plaintiff. The plaintiff must therefore go to the note, or a promise standing upon the same original consideration as the note, to make out his case, so that, whatever effect a new promise to John Winn might have had on his right to recover the original debt, it is clear that this plaintiff is in no position to avail himself of that promise. No vitality could, in that way, be infused into a contract that never had any force or validity by reason of the fraud with which it was tainted. I think the *pro forma* ruling was wrong, and that the judgment must be for the defendant.

SMITH, J. There can be no doubt that the giving of this note was a fraud upon the other creditors of the defendant, and the authorities are uniform against enforcing the collection of such claims. The principle upon which the decisions are based is, that every creditor is to be on the same equal footing, and none shall privately exact better terms for himself. *Leicester* v. *Rose*, 4 East 380. One question always is, whether the judgment of the creditors has been influenced by the supposition that all are to suffer in the same proportion. *Knight* v. *Hunt*, 5 Bing. 432. If the other creditors are deceived, it is immaterial in what part of the transaction the deception was practised. The whole is avoided. *Howden* v. *Haigh*, 11 A. & E. 1033. The fraudulent stipulation in the agreement has the effect to deprive the creditors of a part of the assets of the defendants, and is therefore wholly void. To the same effect is *Trumball* v. *Tilton*, 21 N. H. 128.

A subsequent promise to pay the note could not give the plaintiff a good cause of action upon the note, because it would be giving effect to a fraudulent agreement.

The consideration of such new promise would be the same as that of the note, and therefore could put the plaintiff in no better position.

According to the provisions of the case there must be

*Judgment for the defendant.*