HARRY E. CLARK, RESPONDENT, v. OTTOMAR BAR-
THOLD, APPELLANT.

Submitted December 7, 1914—Decided March 1, 1915.

Promissory notes in the hands of a *bona fide* holder for value are not
invalid by reason of the fact that they were dated on Sunday,
where there is nothing on the face of the notes to indicate that
fact or that the notes were an accommodation to the payee, or
because the payee was at the time of the maturity of the notes
indebted to the maker. *Held*, under such circumstances the di-
rection of a verdict for the plaintiff was correct.

On appeal from the Supreme Court.

For the plaintiff, *Henry H. Rust.*

For the defendant, *Peter W. Stagg.*

The opinion of the court was delivered by

MINTURN, J. The suit was on five promissory notes, made
by defendant, payable to the Imperial Lumber Company.
The payee endorsed them in blank to the Union Lumber
Company, from which company they came in due course to
the plaintiff in part payment of a bill due to him by the
latter company. The court directed a verdict for the plaintiff
for the amount of the notes and interest.

The defendant's failure to pay the notes was attempted to
be justified at the trial on the ground that the plaintiff was
not a *bona fide* holder for value. The proof showed unmis-
takably that he was.

It was then attempted to show the amount of the indebted-
ness to the defendant of the Imperial Lumber Company, the
payee of the notes. In a suit by that company against the
maker, the materiality of such testimony is apparent, but it
is equally clear that it can have no bearing upon the liability
of the defendant to a *bona fide* endorsee for value of ne-
gotiable paper, even if he had obtained them by endorsement,

direct from the Imperial company, instead of through an intermediary. The trial court therefore properly excluded it.

For the same reason it was immaterial whether as contended by defendant, the two companies were in fact identical, although there was ample proof that they were two distinct corporate entities.

It was insisted that the notes were made upon Sunday, and hence were invalid in the hands of an innocent holder for value. The law is to the contrary, and the general rule, as evidenced by the trend of authority, is that the fact that negotiable paper was executed on Sunday is not a defence against a *bona fide* holder for value, without notice, where there is nothing on the face of the paper to indicate that fact. 8 *Cyc.* 48, and cases cited; 3 *R. C. L.* 207, and cases cited; *Cranson* v. *Goss,* 107 *Mass.* 439.

It was further insisted that the notes were accommodation. paper. Conceding the contention that the defendant signed as an accommodation maker, that fact would not invalidate the notes in the hands of a *bona fide* holder for value, as plaintiff was shown to be. 3 *R. C. L.* 274, and cases cited; 3 *Comp. Stat.,* p. 3738, § 29.

The judgment below was properly directed, and will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, TERHUNE, HEP-PENHEIMER, WILLIAMS, JJ.  15.

*For reversal*—None.