## ROYAL D. DICKINSON vs. GEORGE RICHMOND.

If a request for service was made on the Lord's day, and it does not appear that it was accepted on that day, and subsequently in pursuance thereof the service was rendered on a day which was not the Lord's day by the person of whom it was made, he may maintain an action upon the promise implied in the request against the person who made it.

CONTRACT on an account annexed for service of the plaintiff's stud horse for the defendant's mare. Defence, that the contract was made on the Lord's day.

Trial by jury was waived, and the case was heard and determined, in the superior court, upon an auditor's report by which it appeared that the defendant's mare was in the plaintiff's pasture and the defendant said to the plaintiff, "I want you to watch her and, if you find her in heat, to give her the service of your horse." This was said on the Lord's day. What reply the plaintiff made did not appear. The plaintiff afterwards found that the mare was in heat, and gave her the service of his horse. This was done on a day which was not the Lord's day. The defendant later asked the plaintiff if he had given the mare the service of the horse. He replied that he had done so, and thereupon the defendant said, " It is all right." The defendant told other persons that he had put the mare to the plaintiff's horse, and that he owed the plaintiff for service of the horse so rendered.

Upon these facts, *Brigham*, J., ruled that the plaintiff was entitled to recover; and the defendant alleged exceptions.

*A. J. Waterman*, for the defendant.

*H. L. Dawes*, for the plaintiff.

BIGELOW, C. J. There does not appear to have been any violation of the statute for the observance of the Lord's day, on the part of the plaintiff. Gen. Sts. c. 84. The evidence only shows that the request for the use of the plaintiff's horse was made by the defendant on that day; but it was not proved that the plaintiff then agreed to comply with it. For aught that the case discloses, the plaintiff's assent, which was necessary to consummate the contract, was given on a subsequent day. There

is, therefore, a failure to show that the contract was tainted with illegality. *Tuckerman* v. *Hinkley*, 9 Allen, 452.

Besides, there was evidence to warrant a finding for the plain-tiff on the *quantum meruit* count, irrespectively of any evidence of an express contract. The defendant admitted the rendition of the service by the plaintiff, and that he was indebted to the latter therefor. *Exceptions overruled.*