## LEVERETT BRADLEY *vs.* JACOB C. REA & another.

To support an action on a common count for the price of goods sold to the defendant, who set up in defence a special warranty by the plaintiff of their quality, and a breach thereof, and that the sale was made on the Lord's day, the plaintiff introduced evidence, on the trial, which tended to prove that the goods were delivered by himself and accepted by the defendant on Monday, with the purpose that they should be sold and paid for, though without mention of a price. The defendant's evidence tended to prove that the plaintiff made an express contract with him on the Lord's day next previous, for the sale of the goods to him at a stipulated price and under a special warranty of their quality, and that the delivery and acceptance on Monday were in performance of this contract. *Held*, that the defendant had no ground of exception to the submission of the case to the jury under instructions "that, laying out of the case all that took place on Sunday as evidence of a valid contract, they might consider the delivery and acceptance on Monday as evidence tending to prove a sale on Monday, but whether it was sufficient to prove such sale was a question for them to determine," and that if they were satisfied that there was a sale on Monday, the law would imply a promise to pay the actual market value of the goods, whatever that was, without regard to any warranty made on the day previous.

On a trial of the issue of the value, at the time of the sale, of pigs sold by the plaintiff to the defendant, some of which soon afterwards died of a contagious disease, the plaintiff, for the purpose of showing that they were exposed to the contagion before the sale, proved "that several other pigs, sold out of the same drove" two days earlier, "were then sick, and some of them died." *Held*, that the plaintiff might thereupon prove how many pigs there were in the drove, and that certain of them were unaffected by the disease.

CONTRACT on an account annexed for the price of fifteen pigs sold by weight to the defendants; who answered, that the plaintiff specially warranted the pigs to be healthy, but that they were diseased and worthless, and also that the sale was made on the Lord's day. At the new trial in the superior court, before *Wilkinson*, J., after the decision reported 14 Allen, 20, the jury found for the plaintiff, and the judge allowed exceptions substantially as follows:

"The plaintiff offered evidence tending to prove that he sold fifteen pigs to the defendants. The defendants contended, and offered evidence tending to prove, that the sale was made on Sunday, and the plaintiff represented and warranted the pigs to be sound and free from disease; and also that some of the pigs, at the time of the sale, were sick of a contagious disease to which they had been exposed, and all of them soon became sick of the same disease, and thirteen of them died. The plain

tiff controverted the truth of all this evidence, and offered coun‑ter testimony.

" As to the sale on Sunday, it appeared that the parties met on that day, and had some negotiation in regard to the sale of the pigs. The defendants testified that the sale was completed that day, by a definite agreement as to the price and a selection of the pigs from the drove by marking them ; and that it was then agreed that the plaintiff should cause them to be driven to the defendants' place of business on the next morning. The plaintiff, on the other hand, testified that he refused to sell the pigs on Sunday, but did name his price on that day ; and that he allowed the defendants to mark the pigs which they chose, in consequence of a suggestion of the defendants that he might otherwise sell them before they came on Monday.

" One of the defendants came on Monday, and at his request one of the marked pigs was changed for one not marked, out of the drove. No price was named on Monday ; and the par‑. ties were not agreed as to whether anything was then said about the terms of payment. The pigs were driven to the de‑fendants' place of business, by a servant of the plaintiff, after this, on Monday morning. There was other evidence upon the subject of the sale.

" The judge instructed the jury that the plaintiff could not recover unless he proved a sale on some secular day ; that they must lay out of the case all that took place on Sunday as evi‑dence of any contract; that no valid sale could be made on that day, nor could any contract, made on Sunday, be ratified on Monday so as to be valid or effectual ; that neither a price fixed on Sunday, nor a warranty made on that day, would form part of any contract which could support an action ; but that they were to consider whether the facts in proof satisfied them that a sale was made on Monday, and for that purpose they were to consider all the circumstances, including the delivery of the pigs by the plaintiff and the acceptance of them by the defendants, and would determine whether such delivery and acceptance were understood by the parties as a delivery and acceptance of goods sold, and which were to be paid for. If they found that

it was understood by the parties that the pigs were bought, then the plaintiff was entitled to recover the actual market value of the pigs at the time of such sale, without any reference to the price named or fixed on Sunday. If nothing was said as to price, the law would imply a promise to pay a fair price, such a sum as parties knowing the exact, actual condition of the pigs, and acquainted with the market, would pay for them in the market.

" The defendants requested the judge to instruct the jury that, if a sale of the pigs was completed and perfected between the parties on Sunday, by which the pigs were sold by the plaintiff to the defendants upon representation and warranty that the pigs were free from disease, and if, only in pursuance of the terms of such sale, so made on Sunday, the plaintiffs sent the pigs to the defendants on Monday, and the defendants received them, only in pursuance of the terms of the sale, such delivery and acceptance would not be evidence of a sale on Monday. The judge declined so to rule in terms, but instructed the jury that, laying out of the case all that took place on Sunday as evidence of a valid contract, they might consider the delivery and acceptance on Monday as evidence tending to prove a sale on Monday, but whether it was sufficient to prove such sale was a question for them to determine.

" The defendants also requested the judge to instruct the jury that, if the plaintiff, in pursuance of the terms of the sale on Sunday, sent the pigs to the defendants on Monday, and there was no other evidence of a sale on Monday except such as might be inferred from their being so sent, then the law could not imply a promise on the part of the defendants, from the mere delivery, to pay for the pigs, if at the time they were actually worth nothing to them. But the judge instructed the jury that, if the whole evidence in the case satisfied them that there was a sale on Monday, upon the principles already stated, then the law would imply a promise to pay the actual market value, whatever that was. If the pigs had no value by reason of sickness or of their having been exposed to contagion, then the plaintiff could not recover. If part were sick and thus of a diminished

value, or of no value, then the plaintiff could only recover for those not sick, or for such diminished value.

" For the purpose of proving that the pigs sold had been exposed to a contagious disease, the defendants offered evidence tending to show that several other pigs, sold out of the same drove on the Saturday previous, were then sick and some of them died. To rebut this, the plaintiff showed that the drove was bought in Brighton, and then consisted of about one hundred and fifty pigs; and was then allowed, under the objection of the defendants, to show that he sold seven pigs out of the drove to different parties, and that they showed no signs of disease."

*D. Saunders*, for the defendants.

*S. Lincoln, Jr.*, ( *S. B. Ives, Jr.*, with him,) for the plaintiff.

CHAPMAN, C. J.    Under the instructions given them, the jury must have found that on Monday the pigs were delivered by the plaintiff, and accepted by the defendants, with the purpose that they should be sold and paid for. This would constitute a sale ; and, if nothing was said about the price, the law would imply a fair price. This is all that appears to have been done on Monday. Thus the plaintiff's case would be established without proof of any illegal transaction.

For the purpose of relieving themselves from the implied obligation, the defendants offered to prove that, on the preceding Lord's day, an express contract was made for the sale of the pigs at an agreed price, and with a warranty that they were free from disease. But as this was an offer to maintain their defence by proof of their own illegal act, the court properly refused to listen to it; for it is not the duty of courts to enforce illegal transactions. The contract derived all its validity from the transactions of Monday ; and if the defendants, on that day, omitted to make stipulations that they would otherwise have made, because they relied on the illegal acts of the preceding day, it was their own folly to do so. The jury were correctly instructed that no valid sale could be made on Sunday; nor could any contract made on Sunday be ratified on Monday so as to be valid or effectual; and that neither a price fixed on

Sunday, nor a warranty made on that day, would form any part of a contract which would support an action. This was settled at the former hearing of this case. 14 Allen, 20.

The evidence offered by the defendants that several other pigs, sold out of the same drove on the preceding Saturday, were then sick, and some of them died, if competent, would be competent only so far as it tended to show there was a disease in the drove, to which the pigs sold to the defendants had been exposed. It was equally pertinent to the question to show what number of pigs the drove contained, and that some of them were unaffected by the same disease.

*Exceptions overruled.*