JOSHUA CRANSON *vs.* DAVID W. GOSS.

One who takes a promissory note, bearing date of a secular day, before maturity, in good
faith and for a valuable consideration, may maintain an action thereon against the
maker, although the note was in fact so made on the Lord's day that no action could be
maintained on it by the original payee.

CONTRACT on a promissory note signed by the defendant under
date of December 15, 1869, payable in one year to the order of
John Wells and by him indorsed to the plaintiff. Writ dated
December 28, 1870. The case was submitted to the judgment
of the court on the following statement of facts:

" It is agreed that the plaintiff is a *bonâ fide* holder of the note
in suit, for a valuable consideration; and that he obtained it
before it was due, without notice of any defect, illegality or other
infirmity in it. It is also agreed that the contract, upon which
the note itself was based, was made upon Sunday; and that the
note was made, signed and fully delivered upon Sunday, to the
original payee. The note bears date of the succeeding Wednes-
day."

*A. De Wolf*, for the plaintiff.

*A. Brainard & G. W. Bartlett*, for the defendant.

GRAY, J. The ground upon which courts have refused to maintain actions on contracts made in contravention of statutes for the observance of the Lord's day, is the elementary principle that one who has himself participated in a violation of law cann( t be permitted to assert in a court of justice any right founded upon or growing out of the illegal transaction.

The general principle was long ago stated by Lord Mansfield, with his usual completeness and felicity of expression : " The objection that a contract is immoral or illegal, as between plaintiff and defendant, sounds at all times very ill in the mouth of the defendant. It is not for his sake, however, that the objection is ever allowed ; but it is founded on general principles of policy, which the defendant has the advantage of, contrary to the real justice, as between him and the plaintiff ; by accident, if I may so say. The principle of public policy is this : *Ex dolo malo non oritur actio.* No court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act. If from the plaintiff's own statement or otherwise, the cause of action appears to arise *ex turpi causâ*, or the transgression of a positive law of this country, then the court says he has no right to be assisted. It is upon that ground the court goes ; not for the sake of the defendant, but because they will not lend their aid to such a plaintiff. So if the plaintiff and defendant were to change sides, and the defendant were to bring his action against the plaintiff, the latter would then have the advantage of it ; for when both are equally in fault, *potior est conditio defendentis.*" *Holman* v. *Johnson*, Cowp. 341, 343.

It is upon this principle, that a bond, promissory note or other executory contract, made and delivered upon the Lord's day, is incapable of being enforced, or, as is sometimes said, absolutely void, as between the parties. *Pattee* v. *Greely*, 13 Met. 284. *Merriam* v. *Stearns*, 10 Cush. 257. *Day* v. *McAllister*, 15 Gray 433. *Towle* v. *Larrabee*, 26 Maine, 464. *Pope* v. *Linn*, 50 Maine, 83. *Allen* v. *Deming*, 14 N. H. 133. *Finn* v. *Donahue*, 35 Conn. 216. And it follows that as between them it is incapable of being confirmed or ratified ; for, in suing upon the original con-tract after its ratification by the defendant, it would still be nec-

essary for the plaintiff, in proving his case, to show his own illegal act in making the contract at first. *Day* v. *McAllister,* and *Pope* v. *Linn,* above cited. *Ladd* v. *Rogers,* 11 Allen, 209. *Bradley* v. *Rea,* 14 Allen, 20.

Upon the same principle, if the contract has been executed by the illegal act of both parties on the Lord's day, the law will not assist either to avoid the effect of his own unlawful act. Thus if the amount of a preëxisting debt has been paid and received on Sunday, the law will neither assist the debtor to recover back the money, nor the creditor, while retaining the amount so paid, to treat the payment as a nullity, and enforce payment over again. *White* v. *Buss,* 3 Cush. 448, 450. *Mills* v. *Western Bank,* 10 Cush. 22. *Johnson* v. *Willis,* 7 Gray, 164. If a chattel has been delivered by the owner to another person on the Lord's day by way of bailment or pledge, the latter may retain it for the special purpose for which he received it ; or, if it has been delivered to him on the Lord's day by way of sale or exchange, it cannot, at least if he has at the same time paid or delivered the consideration on his part, be recovered back at all. *Scarfe* v. *Morgan,* 4 M. & W. 270. *King* v. *Green,* 6 Allen, 139. *Myers* v. *Meinrath,* 101 Mass. 366. *Horton* v. *Buffinton,* 105 Mass. 399. *Smith* v. *Bean,* 15 N. H. 577. *Greene* v. *Godfrey,* 44 Maine, 25. If a chattel has been sold and delivered on the Lord's day without payment of the price, the seller cannot recover either the price or the value ; not the price agreed on that day, because the agreement is illegal ; not the value, because, whether the property is deemed to have passed to the defendant, or to be held by him without right, there is no ground upon which a promise to pay for it can be implied. *Simpson* v. *Nicholls,* 3 M. & W. 240 , *S. C.* 5 M. & W. (Eng. ed.) 702 note ; 3 M. & W. (Am. ed.) 244 note. *Ladd* v. *Rogers,* 11 Allen, 209.

But if the whole evidence shows a complete cause of action, independently of any participation of the plaintiff in an illegal transaction, he may recover. Thus an agreement made on the Lord's day for the use and occupation of land is void ; but a subsequent entry upon and occupation of the land will sustain an action upon an implied promise to pay what its use is reasonably

worth. *Stebbins* v. *Peck*, 8 Gray, 553; explained in *Day* v. *McAllister*, 15 Gray, 433. So if a written or oral request for the performance of services, and promise to pay a certain compensation therefor, is made and received on the Lord's day, but there is no proof of assent to the request on that day, and the services are performed on a subsequent day, before the request has been withdrawn, the promised compensation may be recovered. *Tuckerman* v. *Hinkley*, 9 Allen, 452. *Dickinson* v. *Richmond*, 97 Mass. 45. *Stackpole* v. *Symonds*, 3 Foster, 229.

The law simply refuses to allow either party to invoke any aid from the court to give effect to an illegal transaction in which he has taken part. An additional illustration of this is afforded by a recent case in this court, in which it was held that if a bargain is made on the Lord's day for a sale of chattels (which is of itself void and incapable of ratification) and the chattels are delivered and accepted on the following day, with the purpose that they be sold and paid for, the seller may recover upon the implied contract of the buyer to pay what they are reasonably worth, and neither party can be permitted to prove the terms, either as to price or warranty, agreed between them on the Lord's day. *Bradley* v. *Rea*, 14 Allen, 20, and 103 Mass. 188.

The same rule has been applied under statutes which merely prohibited any one from doing on the Lord's day "any labor or business or work of his ordinary calling." Where such a statute prevails, one party cannot sue upon a contract made by him on the Lord's day in the exercise of his ordinary calling, even if it is not within the ordinary calling of the other and the parties met on that day at the request of the latter. *Hazard* v. *Day*, 14 Allen, 487. But upon a contract made on the Lord's day in the exercise of the ordinary calling of one party, the other may sue, if it was not within his own ordinary calling, and he did not know, when he entered into it, that it was within the ordinary calling of the defendant. *Bloxsome* v. *Williams*, 3 B. & C. 232; *S. C.* 5 D. & R. 82; 1 C. & P. 294. See also *Emery* v. *Kempton*, 2 Gray, 257; *Roys* v. *Johnson*, 7 Gray, 162.

A promissory note given and received on Sunday, and therefore void as between the original parties, might be equally void

in the hands of a subsequent holder who took it with notice of the original illegality. See *Allen* v. *Deming*, 14 N. H. 133 ; *Holden* v. *Cosgrove*, 12 Gray, 216 ; *Davidson* v. *Lanier*, 4 Wallace, 447. Even if the note bore date of a Sunday, however, that mere fact would not be conclusive evidence that he took it with such notice; for, though dated on Sunday, it might have been delivered on another day and so valid even as between the original parties. *Hill* v. *Dunham*, 7 Gray, 543. *Hilton* v. *Houghton*, 35 Maine, 143.

In the present case, it is agreed that the contract which was the consideration of the note in suit was made on Sunday, and that the note was made, signed and fully delivered on Sunday to the original payee. Clearly therefore he could not have maintained an action upon it.

But it is also agreed that the note bears date of a secular day ; and that the plaintiff is a *bonâ fide* holder of the note, for a valuable consideration, and took it before it became due, without notice of any defect, illegality or other infirmity in the same. The plaintiff therefore, not having participated in any violation of law, and having taken the note before its maturity for good consideration and without notice of any illegality in its inception, may maintain an action thereon against the maker. To hold otherwise would be to allow that party, who alone had been guilty of a breach of the law, to set up his own illegal act as a defence to the suit of an innocent party. This view is supported by the judgments of all the courts, English and American, that have considered the question. *Begbie* v. *Levi*, 1 Cr. & Jerv. 180 ; *S. C.* 1 Tyrwh. 130. *Houliston* v. *Parsons*, 9 Upper Canada, 681. *Crombie* v. *Overholtzer*, 11 Upper Canada, 55. *Bank of Cumberland* v. *Mayberry*, 48 Maine, 198. *State Capital Bank* v. *Thompson*, 42 N. H. 369. *Vinton* v. *Peck*, 14 Mich. 287. *Salt marsh* v. *Tuthill*, 13 Alab. 390, 406. And it is in accordance with the decisions of this court upon notes made in violation of other statutes, except those against usury and gaming, which last have often contained peculiar provisions, and, as observed by Chief Justice Shaw, " declared that the note should be absolutely void to all intents and purposes, or, as is sometimes said,

applied to the contract and not to the party." *Cazet* v. *Field*, 9 Gray, 329, 331. *Kendall* v. *Robertson*, 12 Cush. 156. *Williams* v. *Cheney*, 3 Gray, 215, 222, and 8 Gray, 206. *Phelps* v. *Decker*, 10 Mass. 267, 278. *Musson* v. *Fales*, 16 Mass. 332, 335.

*Judgment for the plaintiff.*