GEORGE W. STEWART *vs.* CHARLES H. THAYER.

Suffolk. March 2, 1898. — March 30, 1898.

Present: ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Services Rendered — Amendment — Same Cause of Action — Illegal Contract — Implied Contract.*

In an action upon an account annexed for services rendered by the plaintiff in furnishing music to the defendant, it was held that the contract was entire and could not be enforced because a part of the services were rendered in violation of the statute relating to the Lord's day. At a second trial the plaintiff was allowed to amend his declaration by adding a second count on an account annexed, in which some of the dates were changed. Both counts claimed the same sum for services during the same months of the same year, and for services shown to have to do with music. *Held,* that it sufficiently appeared that the new count was for the same cause of action as the old, within the requirements of Pub. Sts. c. 167, §§ 42, 85.

When the plaintiff in an action tries to establish a certain contract, the defendant has a right to show that he did not make that contract, and he may prove it as well by showing that he made a different contract as by showing that he made none; and for this negative purpose it does not matter whether the contract actually made was valid or not.

Where services are rendered under an illegal contract, the law will not imply a valid contract to pay for them.

CONTRACT, upon an account annexed, for services rendered by the plaintiff in furnishing music to the defendant. After the former decision, reported 168 Mass. 519, the case was tried in the Superior Court, without a jury, before *Sheldon,* J., who found for the defendant; and both parties alleged exceptions. The facts appear in the opinion.

*R. W. Nason,* for the plaintiff.

*G. A. O. Ernst,* for the defendant.

HOLMES, J. This is an action upon an account annexed, for music furnished to the defendant by the plaintiff. The case

already has been before this court after a trial on the first count. *Stewart* v. *Thayer*, 168 Mass. 519. It has been decided that the contract testified to by the plaintiff was entire, and is not to be enforced because a part of the services which it called for were to be rendered on Sunday, and were within the prohibition of Pub. Sts. c. 98, §§ 1, 2. We assume this to be settled, and shall discuss it no further.

When the case came on for trial a second time, the plaintiff was allowed to amend his declaration by adding a second count, like the first on an account annexed, but intended seemingly, by some changes of dates, etc., to avoid showing that any of the services rendered were on Sunday, the contract under which they were rendered not being mentioned, of course. It was objected on behalf of the sureties on a bond given to dissolve the attachment in this suit that the amendment was not for the same cause of action, but the amendment was allowed and the sureties excepted.

We assume that the sureties have a *locus standi* to except, even if their rights would be protected sufficiently by leaving it open to them to deny that the cause of action was the same when sued upon their bond. Pub. Sts. c. 167, § 85. *Kellogg* v. *Kimball*, 142 Mass. 124, 128, 129. But we think it needs no argument or express evidence to show that the new count is for the same cause of action as the old, within the requirements of Pub. Sts. c. 167, §§ 42, 85. *Mann* v. *Brewer*, 7 Allen, 202. They both claim the same sum for services during the same months of the same year, and for services shown to have to do with music, in the first count by the words "orchestra and music boxes," in the second by the words "leader and music boxes." Even if the finding had not been warranted when the amendment was allowed, it was shown to be correct as soon as the plaintiff offered his evidence. This exception is overruled.

When it came to the evidence, the plaintiff proposed to prove that he rendered the services declared for on secular days, but admitted that on cross-examination his testimony would be the same as at the former trial, which means that it would show the services to have been rendered under a contract which, as we have said, already has been passed upon by this court. Thereupon the court ruled that the action could not be maintained, and the plaintiff excepted.

It was suggested that the defendant was not entitled to bring out what the real contract was, and that it would be taking advantage of his own unlawful act. But when the plaintiff tried to establish a certain contract, namely, a promise expressed by conduct to pay a fair and reasonable price for services rendered on week days, the defendant had a right to show that he did not make that contract, and he might prove it as well by showing that he made a different contract as by showing that he made none. *Phipps* v. *Mahon,* 141 Mass. 471, 473. *Starratt* v. *Mullen,* 148 Mass. 570. For this negative purpose it does not matter whether the contract actually made was valid or not. See *Starratt* v. *Mullen,* 148 Mass. 570 ; *New York & New England Railroad* v. *Sanders,* 134 Mass. 53, 55.

It will be noticed that this contract was bad, not because of the time when it was made, but because of its contents. Unless the original contract had been split up, of which there was no pretence, there could be no question of fact whether a valid contract was not made at a later time, such as sometimes has arisen under the Sunday law. Under such circumstances, however illegality should be dealt with, it should be dealt with on evidence of the facts as they were. It would be inelegant, if not worse, to allow the jury to find that the defendant made an actual contract different from that which he really made, by confining them to evidence of only a part of the facts and excluding the rest.

If the plaintiff were to be allowed to recover, the ground would be that, if the defendant saw fit to repudiate the contract actually made, the law would make him pay the reasonable value of the services lawfully rendered and accepted, and that therefore, under the forms of action in use, he would be liable on a fictitious contract implied by law. Such would be the law of this State if the only trouble with the contract was the statute of frauds. *Bacon* v. *Parker,* 137 Mass. 309, 311. See *Clark* v. *United States,* 95 U. S. 539, 542, 546. But such is not the law when the contract is unlawful, and the parties making it stood on an equal footing. The plaintiff, having rendered his services in pursuance of an illegal scheme, is not in a position to ask the law to help him by substituting a fiction for a fact. His inability to recover depends upon different reasons from the inability to recover upon a harmless or laudable contract not evidenced by

writing. It may be regarded as a punishment which he is not to be allowed to evade simply by changing the form of his count. It is true that the defendant is as bad as the plaintiff, but he is no worse. It would be treating him as worse if he were compelled to pay according to a fiction because the plaintiff would not be allowed to recover according to the fact. Defendants are not estopped to show that the transactions on which they are sought to be held were illegal, in favor of plaintiffs who cannot invoke the estoppel without showing that they were equally in the wrong.

In *Bradley* v. *Rea*, 103 Mass. 188, language is used which is somewhat opposed to our decision if taken literally, but we doubt if the court intended to decide anything which we are called on to overrule. The earlier decision of *Ladd* v. *Rogers*, 11 Allen, 209, sustains our view, and in *Cranson* v. *Goss*, 107 Mass. 439, 441, Gray, J. says: "If a chattel has been sold and delivered on the Lord's day without payment of the price, the seller cannot recover either the price or the value; not the price agreed on that day, because the agreement is illegal; not the value, because, whether the property is deemed to have passed to the defendant, or to be held by him without right, there is no ground upon which a promise to pay for it can be implied." See also *Dodson* v. *Harris*, 10 Ala. 566, 569; *Troewert* v. *Decker*, 51 Wis. 46; *Simpson* v. *Nicholls*, 3 M. & W. 240, and 5 M. & W. 702, *n.*; *Thompson v. Williams*, 58 N. H. 248. If this is true as to property received under an illegal contract and kept when it might be returned, *a fortiori* it is true as to services accepted which cannot be returned. See Keener, Quasi-Contracts, 262.

*Exceptions overruled.*