SKINNER IRRIGATION COMPANY *vs.* CHARLES S. BURKE.

Suffolk.    November 14, 1918. — January 3, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Contract,* Validity.   *Lord's Day.*

At the trial of an action upon a contract for the installation of an irrigation system in which the defendant alleged in defence that the contract was void because made on the Lord's day, it appeared that on a Sunday an agent of the plaintiff and the defendant met and made an oral agreement for the installation of the system; that on the next day the plaintiff's agent wrote to the defendant a letter beginning, "We wish to confirm agreement which we reached yesterday," and continuing with minute specifications for the work and the price. The defendant received the letter but did not reply to it. The plaintiff in good faith went forward with the installation of the plant, doing all the work on secular days, the defendant knowing that the work was going forward and at times being present.

After the work was completed, the defendant contended that the "guarantee" was not fulfilled, and an agent visited the premises on a Sunday for an inspection and test. *Held*, that a finding was warranted that the installation was done under a contract made on Monday.

It also was *held* that the inspection and test performed by the plaintiff on a Sunday after the work was completed did not affect the plaintiff's right to recover.

It also was *held* proper to refuse to grant a request for a ruling that "The offer contained in the letter of the plaintiff to the defendant of . . . [Monday] . . . not having been accepted by the defendant only constitutes an offer and is not sufficient as a matter of law to enable the plaintiff to recover."

CONTRACT, with a declaration in two counts, the first count being upon a contract for the installation by the plaintiff for $218 of a system of irrigation upon the premises of the defendant. The second count was upon an account annexed for the same installation. Writ in the Municipal Court of the City of Boston dated November 13, 1915.

The pleadings and the facts found by the judge of the Municipal Court are described in the opinion. The judge also found "that on Monday, June 28, 1915, the plaintiff's representative wrote the defendant a letter setting forth in detail the terms upon which the plaintiff offered to install its irrigation plant on the defendant's farm, and that thereafter the plaintiff proceeded to install said plant on said farm with the knowledge of the defendant, all the work of installation being done on secular days." The judge found for the plaintiff and at the request of the defendant reported the case to the Appellate Division, who dismissed the report. The defendant appealed.

*S. M. Child,* for the defendant.

*G. Hoague,* for the plaintiff.

PIERCE, J. This is an action of contract to recover $218 for the installation of a system of irrigation on the land of the defendant. The answer sets up in defence "that if any contract was made by the plaintiff and the defendant, it was made on the Lord's day, and cannot be enforced."

The facts, so far as they are material to the determination of the single question raised by the answer and argued in the brief of the defendant, are in substance as follows: On Sunday, June 27, 1915, the duly authorized agent of the plaintiff met the defendant and they made an oral agreement for the installation of the irrigation system at a fixed price. This contract was void in its inception and could not be ratified because its validity did

not depend in any degree on the choice of the defendant. "The law annulled it, and there was no subject of ratification." *Day* v. *McAllister*, 15 Gray, 433, 434.

On Monday, June 28, 1915, the agent wrote the defendant a letter which began: "We wish to confirm agreement which we reached yesterday regarding the installation . . . of irrigation at your place. . . ." In the paragraphs which followed the work which the plaintiff agreed to perform and accomplish was set out in minute detail, as was the "price for this work, installed complete as outlined." The defendant received the letter but did not reply to it. There was evidence that thereafter, in good faith, the plaintiff installed on the defendant's premises a system of irrigation, substantially in accordance with his letter of June 28, 1915; and that the defendant, as he testified, was present at times during the installation of the system and knew that it was being done. There was also evidence that the fair value of the system as installed was the contract price, $218. Later, on August 9, 1915, the defendant wrote the agent that he had examined the plant and had found a leak which he had not the necessary tools to tighten, and concluded the letter by saying, "I guess you will have to send your man down to see just what the trouble is." On September 13, 1915, the defendant wrote the plaintiff company that "when all the pipes are working I can't cover the ground as your guarantee said it would." In response to this last letter the plaintiff proposed to visit and inspect the plant on Sunday, September 19, 1915; and did in fact inspect it on Sunday, September 26, 1915.

On the foregoing facts, we think the contract under which the irrigation system was installed was not the oral contract of Sunday, June 27, 1915, but was a new contract adopted on Monday, June 28, 1915, upon the terms and conditions stated in the letter of the plaintiff to the defendant on the last named date. See *Miles* v. *Janvrin*, 200 Mass. 514, 517, and cases cited. The fact that, after the work was completed and the right to receive the agreed price had accrued, the plaintiff, on a Sunday, examined and tested the plant on the defendant's complaint of an insufficiency which the judge of the Municipal Court found was not due to any defect in the system itself or its method of installation or any other fault of the plaintiff, does not by relation affect the

validity of the contract or the plaintiff's right to recover the agreed price, and distinguishes the case at bar from the cases of *Stewart* v. *Thayer*, 168 Mass. 519, and *Stewart* v. *Thayer*, 170 Mass. 560.

The judge refused rightly to rule as requested that "On all the evidence the plaintiff cannot recover," and that "The offer contained in the letter of the plaintiff to the defendant of June 28, 1915, not having been accepted by the defendant only constitutes an offer and is not sufficient as a matter of law to enable the plaintiff to recover."

*Order dismissing report affirmed.*