PHILIP BAUER *vs.* BOND & GOODWIN INCORPORATED.

Suffolk.   December 5, 1933. — January 2, 1934.

Present: CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Sale*, Validity, Of securities.   *Contract*, Validity, Sale of securities.

Where a salesman employed by a dealer in securities, two days previous to the filing with the department of public utilities of the notice required by G. L. (Ter. Ed.) c. 110A, § 5, of intention to offer for sale certain shares of stock within the application of said chapter, solicited a sale of such shares and received an offer to buy them from the person solicited; the offer was accepted by the dealer on the day after the filing of the notice; the purchaser paid for the shares and received delivery thereof several weeks later; and, after the filing of the notice, no legal impediment to the sale of the shares existed because all further requirements of the statute were satisfied and the sale of that stock never was forbidden by the department, the purchaser was not entitled to rescind the sale and to recover the purchase price from the dealer: the actual sale of the shares, which fixed the rights of the parties irrespective of any earlier transaction, occurred after the dealer had complied with the statute and had become free to sell the shares, so that the sale was not tainted with any illegality in the conduct of the salesman in soliciting the sale and procuring the offer to purchase before the filing of the notice.

*Whether*, in the circumstances above described, the executory contract of sale made on the day after the filing of the notice by reason of the dealer's acceptance of the purchaser's offer to purchase was tainted by any such illegality, was not decided.

CONTRACT OR TORT.   Writ dated June 25, 1931.

The action was heard in the Superior Court without a jury by *Weed*, J.   Material facts are stated in the opinion. The judge found for the defendant and reported the action for determination by this court.

*S. S. Grant*, (*S. E. Angoff* & *C. Ross* with him,) for the plaintiff.

*C. B. Rugg*, (*W. F. Farr* with him,) for the defendant.

LUMMUS, J.   The sale of securities act (G. L. [Ter. Ed.] c. 110A), one of the class of statutes popularly known as blue sky laws, prohibits the sale of securities, including corporate

shares, with certain immaterial exceptions, "unless and until" a notice of intention to offer the security for sale shall have been filed with the department of public utilities. The department may then forbid the sale until certain information shall be filed with it, and if it finds that the sale is fraudulent or would result in fraud, it may forbid the sale altogether, subject to judicial review. It was held in *Kneeland* v. *Emerton*, 280 Mass. 371, that an innocent purchaser of corporate shares to which the statute applied, who had bought them, paid for them, and received delivery of them before the notice of intention to offer the shares for sale required by § 5 of the statute had been filed, was entitled to rescind his purchase and recover the purchase price from the seller.

In the present case, the plaintiff bought, paid for and received delivery of two hundred shares of the corporate stock of National Trade Journals, Inc., sold to him by the defendant. The shares fell within the statute, and the sale was prohibited "unless and until" the statutory notice under § 5 should be filed. The defendant through its salesman solicited the sale and received the plaintiff's offer to buy on February 6, 1928, before the statutory notice was filed on February 8, 1928; but the acceptance by the defendant of that offer which completed the contract did not take place until February 9, 1928, the plaintiff did not pay for the shares until February 21, 1928, and he did not receive delivery of the certificates for the shares until February 28, 1928. After the filing of the statutory notice on February 8, 1928, no legal impediment to the sale of the shares existed, for all further requirements of the statute were satisfied, and the sale was never forbidden by act of the department of public utilities.

In March, 1931, the plaintiff discovered that the solicitation of the sale and his offer to buy had antedated the filing of the statutory notice, made what he contends was a tender of the shares to the defendant in rescission of the purchase, and later brought this action to recover the purchase price. The trial judge found for the defendant, and reported the case.

The sale of the shares which was forbidden by § 5 until the statutory notice was filed on February 8, 1928, included by statutory definition (§ 2 [d]) "an agreement whereby a person transfers or agrees to transfer an interest in securities" and "an attempt to sell, an option of sale, a solicitation of a sale, a subscription or an offer to sell." The violation of any provision of the chapter was punishable. § 15. Doubtless the act of the salesman in soliciting the sale on February 6, 1928, was a criminal offence. But the inclusion of that and other acts in the statutory definition of sale was merely for convenience, and did not obliterate essential distinctions among the acts thus included. The result was as though all those different acts had been recited wherever the word sale occurs throughout the statute. No transfer of title to the plaintiff could have occurred before February 9, 1928, for until that day the defendant did not own the shares. We have, therefore, a case of a contract of sale and an actual sale wholly in conformity to law, unless they are invalidated by the fact that the preliminary transactions were unlawful.

Where a contract or a sale grows out of illegal conduct, its affirmative validity depends upon its completeness as a source of rights apart from illegal conduct participated in by the party who seeks to enforce it against the other. *Hall* v. *Corcoran,* 107 Mass. 251, 253. *Cranson* v. *Goss,* 107 Mass. 439, 441. *Stewart* v. *Thayer,* 170 Mass. 560. *Horn* v. *Dorchester Mutual Fire Ins. Co.* 199 Mass. 534. *Pelosi* v. *Bugbee,* 217 Mass. 579. *Higgins* v. *Fitzgerald,* 266 Mass. 176. *McMullen* v. *Hoffman,* 174 U. S. 639. Many of the decided cases arose under the statute forbidding "labor, business or work" on the Lord's day. See now G. L. (Ter. Ed.) c. 136, § 5. Such cases do not furnish a perfect analogy in all respects. Under that statute the parties commonly are *in pari delicto,* and are equally within its prohibition; executed transactions stand and executory contracts are invalid, because neither party can obtain affirmative relief. *Myers* v. *Meinrath,* 101 Mass. 366. *Clapp* v. *Hale,* 112 Mass. 368. *Gordon* v. *Levine,* 197 Mass. 263. *Horn* v. *Dorchester Mutual Fire Ins. Co.* 199 Mass. 534. Under the statute here in-

volved, the parties are not *in pari delicto,* and a buyer who does not participate in wrongdoing may rescind even a completely executed purchase in which the seller violated the statute. *Kneeland* v. *Emerton,* 280 Mass. 371. But the two statutes have features in common. In both, the prohibition, as applied to a sale, is not limited to a transfer of title but extends as well to an executory contract to sell and to other preliminary steps. *Pattee* v. *Greely,* 13 Met. 284. *Bennett* v. *Brooks,* 9 Allen, 118, 120. *Tuckerman* v. *Hinkley,* 9 Allen, 452, 454. *Bradley* v. *Rea,* 14 Allen, 20; *S. C.* 103 Mass. 188. *Kryzminski* v. *Callahan,* 213 Mass. 207. We need not consider whether the contract made on February 9 by the acceptance of the plaintiff's offer of February 6 was tainted by the illegal conduct of the defendant's salesman. Compare *Tuckerman* v. *Hinkley,* 9 Allen, 452; *Dickinson* v. *Richmond,* 97 Mass. 45; *Gibbs & Sterrett Manuf. Co.* v. *Brucker,* 111 U. S. 597. We pass to the actual sale. The payment of the consideration and the transfer of the shares both took place after the defendant was free to sell. Those acts fixed completely the rights of the parties, without reliance upon the executory contract or any earlier transaction. For that reason, the actual sale was not tainted by the earlier illegal conduct of the defendant. This result accords with decisions under the Lord's day statute. *Bradley* v. *Rea,* 14 Allen, 20; *S. C.* 103 Mass. 188. *Cranson* v. *Goss,* 107 Mass. 439, 441, 442. *Winchell* v. *Carey,* 115 Mass. 560. *Miles* v. *Janvrin,* 200 Mass. 514, 517, 518. *O'Brien* v. *Shea,* 208 Mass. 528, 532. *Skinner Irrigation Co.* v. *Burke,* 231 Mass. 555. *Cones' Case,* 8 Ct. of Cl. 421. 68 Am. L. R. 1487.

*Judgment for the defendant on the finding.*