WILLIAM MAHER vs. WARREN E. HAYCOCK.

Worcester.    September 27, 1938. — December 21, 1938.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

Contract, Validity, Construction, What constitutes. Lord's Day. Broker, Commission. Words, "Sold."

Upon evidence that on a Lord's day the defendant promised to pay the plaintiff a commission if his house was "sold," that on the same day the plaintiff introduced a customer to the defendant, and that "during the week of" a succeeding Lord's day the defendant and the customer completed arrangements for the sale, with a finding for the plaintiff, the judge must be deemed to have found that the plaintiff was entitled to a commission because the offer of the defendant to pay him a commission was accepted, and a unilateral contract arose, on a secular day.

The right of a broker to a commission promised him if he "sold" certain real estate was not affected by the fact that a deed consummating the sale was dated and delivered on a Lord's day where it appeared that the completion of arrangements for the sale to the customer whom the broker had procured for the owner had occurred on a secular day.

The mere facts that, after a broker had negotiated with an owner on a Lord's day respecting a commission to be paid him if he "sold" real estate of the owner and on that day had introduced a customer to the owner and shown the property to the customer, he did nothing actively to induce the customer to buy, did not affect the broker's right to a commission where it appeared that on a succeeding secular day the owner and the customer completed arrangements for the sale.

CONTRACT. Writ in the Central District Court of Worcester dated November 19, 1937.

Upon a report by *Wall*, J., after a finding for the plaintiff in the sum of $150, the Appellate Division for the Western District ordered the finding vacated and judgment entered for the defendant. The plaintiff appealed.

*J. A. Barnes, Jr.*, for the plaintiff.

*H. P. Grady*, for the defendant.

QUA, J.    A real estate broker brings this action to recover a commission upon the sale of the defendant's house to one Craig. The finding of the trial judge for the plaintiff is now attacked solely upon the ground that the contract

between the plaintiff and the defendant was void by reason of the provision in G. L. (Ter. Ed.) c. 136, § 5, prohibiting the doing of "any manner of labor, business or work, except works of necessity and charity," on the Lord's day.

Decisive facts which either were admitted or could be found are these: On Sunday, October 31, 1937, the plaintiff went to the defendant's house, identified himself to the defendant as a real estate broker, stated to the defendant that he had a customer, and obtained the defendant's promise to pay the plaintiff "a commission if the house were sold." On the same day the plaintiff brought Craig into the house and introduced him to the defendant, and they all examined the house. The plaintiff told Craig that the price was $5,500. Thereafter negotiations took place directly between the defendant and Craig. During the week of November 7 "the defendant and Craig completed the arrangements for the sale of the property" for $5,000 with an agreement that Craig would reimburse the defendant, if the defendant should be held liable for a commission. On November 14 the property "was sold and conveyed," and the defendant gave a deed to Craig and his wife, dated that day. Both November 7 and November 14 were also Sundays.

The trial judge expressly found that "there was some preliminary discussion between the plaintiff and the defendant" on October 31, and that there was "an implied contract on the part of the defendant to pay to the plaintiff the customary commission if the house was sold to Craig." The word "sold" in this connection should not, in the absence of anything to indicate the contrary, be so strictly construed as to require that title should actually pass before the plaintiff should become entitled to a commission. It was enough if the plaintiff produced a purchaser ready, willing and able to buy on the defendant's terms. *Walker* v. *Russell*, 240 Mass. 386, 390. *Buono* v. *Cody*, 251 Mass. 286, 290. Compare *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 94. The ultimate finding for the plaintiff imports such subsidiary findings as are permissible on the evidence, are not inconsistent with express

findings, and are necessary to support the conclusion. *Nicoli* v. *Berglund,* 293 Mass. 426, 428. *Weathers* v. *Jarvis,* 294 Mass. 227, 230. The judge must therefore be deemed to have found in accordance with the evidence that all "arrangements for the sale of the property" were completed "during the week of [Sunday] November 7," and hence that the plaintiff produced a purchaser ready, willing and able to buy on the defendant's terms before Sunday, November 14, and on a secular day. For these reasons nothing turns on the fact that the deed bore the date of Sunday, November 14.

The plaintiff is not barred because of what occurred on Sunday, October 31. No contract was made on that day. The plaintiff promised nothing, and he was entitled to nothing for his time and effort as such. The conversation between the plaintiff and the defendant amounted to no more than an offer on the defendant's part which would ripen into a unilateral contract when the plaintiff produced a customer ready, willing and able. *Des Rivieres* v. *Sullivan,* 247 Mass. 443, 446. *Elliott* v. *Kazajian,* 255 Mass. 459, 461, 462. *Chamberlain* v. *New England Dressed Meat & Wool Co.* 279 Mass. 462. *John T. Burns & Sons Inc.* v. *Hands,* 283 Mass. 420, 422. He produced such a customer on a secular day. Thus it appears that the contract sued upon was not made on Sunday and did not by its terms call for the doing of business or work on Sunday. Cases like *Merriam* v. *Stearns,* 10 Cush. 257, *Day* v. *McAllister,* 15 Gray, 433, *Myers* v. *Meinrath,* 101 Mass. 366, *Stevens* v. *Wood,* 127 Mass. 123, *Stewart* v. *Thayer,* 168 Mass. 519, *Kryzminski* v. *Callahan,* 213 Mass. 207, and *Hindenlang* v. *Mahon,* 225 Mass. 445, are not applicable. We think the case falls within a class of cases in which it has been held that a contract not made on Sunday is not rendered void by reason of the fact that preliminary negotiations or even the offer which was later accepted took place on Sunday. *Tuckerman* v. *Hinkley,* 9 Allen, 452. *Bradley* v. *Rea,* 14 Allen, 20, 22. *Dickinson* v. *Richmond,* 97 Mass. 45. *Cranson* v. *Goss,* 107 Mass. 439, 442. *Shepley* v. *Henry Siegel Co.* 203 Mass. 43, 45. *Silver* v. *Graves,* 210 Mass. 26, 31.

*Skinner Irrigation Co.* v. *Burke,* 231 Mass. 555. *Bauer* v. *Bond & Goodwin Inc.* 285 Mass. 117, 120. *Gibbs & Sterrett Manuf. Co.* v. *Brucker,* 111 U. S. 597, 602. Williston on Contracts (Rev. ed.) §§ 1701, 1707, 1708. Am. Law Inst. Restatement: Contracts, § 538, Comment a.

In our opinion the situation is not altered even if it be the fact that the plaintiff did nothing actively to induce Craig to buy other than what he did on Sunday, October 31. In *Tuckerman* v. *Hinkley,* 9 Allen, 452, at page 455, it is said that a contract not fully closed on Sunday "is not void, because some of its terms might have been fixed upon that day, or indeed because most of the business out of which the consideration for the contract arose was transacted on that day." Any other rule would seem to require the result that no party otherwise entitled to be paid for a completed performance, as distinguished from work, labor or services by the day, could recover anything if it should appear that he had performed on Sunday any one item in a long course of preliminaries placing him in a position finally to furnish the completed performance on a secular day. See *Stewart* v. *Thayer,* 168 Mass. 519. Such illegality seems too remote from the contract itself to constitute an infirmity in it. We have seen no case which goes as far as that.

It becomes unnecessary to discuss the defendant's requests for rulings in detail. Those which have been argued are, we think, either unsound or immaterial because of the findings.

The order of the Appellate Division that the finding for the plaintiff be vacated and judgment entered for the defendant is reversed, and judgment is to be entered for the plaintiff on the finding of the trial judge.

*So ordered.*