*Northern District*

No. 4811

**GERTRUDE ACKERMAN**

v.

**JEROME A. DURAND**

*Brooks, J.* This is an action of contract to recover on a note and for breach of a contract of sale of real estate. The answer is general denial and plea of violation of the Sunday law.

The evidence tended to show the following:

Plaintiff offered real estate for sale through a real estate broker. The broker procured a customer who signed an agreement for purchase of the property on Sunday, although the agreement was dated otherwise. Defendant gave the broker, who was authorized to act for plaintiff, a note for $500 in lieu of a deposit. This note was likewise signed and delivered on Sunday, although otherwise dated.

The broker took the written agreement for sale to plaintiff on a subsequent weekday. Plaintiff made a minor change in the contract and signed the same, whereupon the broker took the contract back to defendant who initialed the change.

When the time for performance came defendant declined to go through with the contract or to pay the note.

Plaintiff filed the following Requests for Rulings:

1. The evidence warrants a finding that the note sued upon was given as a deposit on a real estate agreement and is a part thereof.

5. A contract not fully closed on a Sunday is not void by

reason of the Sunday Law. *Tuckerman v. Hinkley,* 9 Allen 452, 455.

6. A Sunday contract adopted on a secular day is valid and binding. *Maher v. Haycock,* 301 Mass. 594; *Restatement of Contracts,* §539, III. 3.

7. The evidence warrants a finding that the defendant initialed a change in the contract on a secular day and adopted the contract as changed.

8. The evidence warrants a finding that the defendant refused to comply with the agreement without just cause.

9. A deposit made by a prospective purchaser, under a contract for sale and purchase of real estate, is forfeited by him when he breaks the contract by refusing to perform it. *Macurdy v. Carver,* 326 Mass. 434; *King v. Milliken,* 246 Mass. 460, 463; *Smith v. Greene,* 197 Mass. 16.

The court denied requests No. 7 and 8 and allowed the other requests and found for defendant on the ground that the note and the agreement were both void by reason of G. L. c. 136, §5.

The defense in this case is that both the note and the contract for purchase of the property were made on Sunday and, therefore, void under the statute. The note, though otherwise dated, was made and delivered on Sunday and is, therefore, void. *Stevens v. Wood,* 127 Mass. 123. The contract for purchase, while initiated on Sunday, was completed on a weekday and is, therefore, valid. *Maher v. Haycock,* 301 Mass. 594.

The court having found for defendant on both issues, was correct with respect to the note but incorrect with respect to the contract for purchase. The 7th and 8th requests of plaintiff should have been granted. *The finding is, therefore, to be vacated and the case remanded for a new trial.*

James T. Connolly, Newburyport, for the plaintiff.

Raymond M. Sullivan, Lawrence, for the defendant.