*Southern District*

No. 51

**FELICIEN BROUCHU**

v.

**DAVID HAIGH**

Argued: Feb. 12, 1973 - Decided: July 2, 1973

Case tried to *Lee, J.* in the Fourth District Court of Bristol, No. 28350.

*Present:* Murphy, P.J., Covett, Rider, JJ.

**Covett, J.** This is an action in contract to recover damages for the construction, painting and erection of certain signs at 9 Washington Street, Attleborough, Massachusetts. There are three counts in the plaintiff's dec-

laration. Count 1 alleges a contract which the plaintiff completely performed and that the defendant refused to pay plaintiff therefor. Count 2 alleges that the defendant gave plaintiff a check for $300., dated May 3, 1971, and that the defendant stopped payment of said check. Count 3 alleges that the plaintiff performed work and labor and provided material for the defendant and that the defendant owes him the sum of $885. according to an account annexed.

The answer sets forth several defenses. The defense, material to the issue in this case, is that the contract was void because the contract was entered into on a Sunday.

**A brief summary of the evidence follows:**

The plaintiff conducted a business of making signs in said Attleborough. The defendant was in the business of selling and installing swimming pools. On Friday, April 30, 1971, the defendant contacted plaintiff by telephone and stated that he wanted two large signs constructed which were to be used for the opening of a swimming pool business the following weekend. Because of the plaintiff's busy schedule, the parties agreed to meet on Sunday, May 2, 1971, at the site on Washington Street. During the telephone conversation the defendant gave the plaintiff wording he desired and the plaintiff said he would make a sketch before Sunday and the defendant could make changes before the sign was made. On

Sunday, May 2, 1971, the parties met at the site and discussed the details and the price of the signs. The plaintiff agreed to construct a small office sign for the price of the materials in addition to the signs. The parties then executed a contract dated May 3, 1971, and the defendant gave the plaintiff a check for $300.00, dated May 3, 1971. This amount represented one-third of the contract price with the understanding that the balance would be paid within thirty days. Defendant stated to the plaintiff that it was necessary to get this work done before the end of that week and plaintiff assured the defendant that the signs would be ready for the opening. Plaintiff, in collaboration with the State Sign Company, a Rhode Island corporation, finished the work by the morning of Wednesday, May 5, 1971, and called the defendant's phone number several times without being able to contact him. Plaintiff continued making calls on Thursday morning and was unable to contact defendant. Also, on Thursday morning, the State Sign Company sent two men to the location to install the large 20 ft. poles and erect the signs, but by noon when the defendant failed to appear plaintiff sent the men back to the State Sign Company in Rhode Island and the plaintiff remained at the location all day Thursday. Plaintiff continued to call all afternoon and on Friday went to the location on Washington Street but the defendant failed to appear.

Plaintiff did not see or hear from the defendant until the day of trial on October 8, 1971.

The defendant testified that he was president and treasurer of a corporation known as Pool Mart, Inc. The defendant testified that on Sunday, May 2, 1971, upon returning home that evening, he decided that the signs were not what he wanted. He called the plaintiff and spoke to the plaintiff's wife, as the plaintiff was not at home, and told her to tell her husband to cancel the contract. The defendant further stated that on Monday, May 3, 1971, he notified the City Bank and Trust Company to stop payment on the check that was given to the plaintiff.

The plaintiff's wife testified in rebuttal and denied receiving a telephone call from the defendant.

At the close of the evidence and before the final arguments, the plaintiff made the following requests for rulings:

> 1. Where oral agreement is entered into on Sunday to perform services and deliver materials on secular days the plaintiff can recover in *quantum meruit*.
> 2. Where written agreement is entered into on Sunday to perform services and deliver materials on secular days the plaintiff can recover in *quantum meruit*.

The court denied both of plaintiff's requests for rulings.

The defendant made the following requests for rulings:

1. On the evidence introduced by the plaintiff, the court is warranted in finding that the plaintiff entered into the alleged contract, Exhibit A of the plaintiff's declaration with Pool Mart, Inc. and that the defendant is therefore entitled to a finding on his behalf as a matter of law.

2. On the evidence introduced by the plaintiff, the court must find as a matter of law that the defendant was not a party to said contract alleged in count one of the plaintiff's declaration, and that therefore the defendant is entitled to a finding in his favor.

3. On the evidence introduced at the time of trial, the court is warranted in finding that the alleged contract was entered into on Sunday, May 2, 1971, and was therefore illegal and unenforceable as a matter of law. Gen. Lews Chap. 136, Sec. 5.

4. On the evidence introduced at the time of trial, the court is warranted in finding that the plaintiff entered into the alleged contract with Pool Mart, Inc. which is not a defendant in this action, and that the defendant is entitled to a finding as a matter of law.

5. The plaintiff cannot recover on quantum meruit for services rendered

and work, labor and materials where the contract was entered into on a Sunday. *Stewart* v. *Thayer,* 170 Mass. 560.

6. The plaintiff cannot recover on a check that has been delivered on a Sunday regardless of the date of the check as a matter of law. *Gordon* v. *Levine,* 197 Mass. 263.

7. A contract, void because it was made on a Sunday, cannot be made valid by subsequent ratification. *Stevens* v. *Wood,* 127 Mass. 123.

8. An oral agreement made on a Sunday is void from its inception and therefore cannot be ratified. *Skinner Irr. Co.* v. *Burke,* 231 Mass. 555.

9. Even though the contract alleged in plaintiff's declaration was dated May 3, 1971, it was illegal and therefore void in that it was entered into on a Sunday. *Ackerman* v. *Durand,* 9 App. Mass. Dec. 42. (1955)

10. On the basis of the evidence presented at the time of trial the Court is warranted in finding that the plaintiff did not fulfill the terms of the contract in that the signs were not erected as called for in the contract and that therefore, the defendant is entitled to a finding in his favor.

The court allowed numbers 3, 5, 6, 7, 8, and 9 and denied numbers 1, 2 and 10.

The sole issue in this case is whether the plaintiff may enforce a contract executed on a Sunday.

 Excluding statutory exemptions (see G.L. c. 136, § 6), as a general rule, contracts made on Sunday are illegal and not enforceable. *Ryan* v. *Gilbert*, 320 Mass. 682. *O'Brien* v. *Shea*, 208 Mass. 528. *Moses & Mastroangelo* v. *Barr*, 37 Mass. App. Dec. 175, 176, 177. The rule is based on G.L. c. 136, § 5, which provides a punishment for anyone who "on Sunday ... does any manner of labor, business or work, except works of necessity and charity . . .". The legislative authority to provide for a day of rest is derived from its general authority to regulate the business of the community and to provide for its moral and physical welfare. *Commonwealth* v. *Haas*, 122 Mass. 40, 42. Under this statute, "the parties commonly are *in pari delicto*, and are equally within its prohibition; executed transactions stand and executory contracts are invalid, because neither party can obtain relief." *Bauer* v. *Bond & Goodwin Inc.*, 285 Mass. 117, 119. A contract void because it is made on Sunday is considered void from its inception and subsequent ratification by the parties will not cure the illegality. *Ryan* v. *Gilbert*, 320 Mass. 682. *Bradley* v. *Rea*, 103 Mass. 188, 191, 192.

 The parties may adopt a contract originally made on Sunday on a later secular

day and, if they do, the contract is enforceable. *Miles* v. *Janvrin,* 200 Mass. 514.

The trial judge found as a fact that the contract for the construction and erection of signs was executed by the parties on Sunday, May 2, 1971. Not being a contract of necessity or charity or within the exceptions set forth in the Lord's Day Act, the contract, though otherwise dated, is void and unenforceable. *Ackerman* v. *Durand,* 9 Mass. App. Dec. 42, 43.

The parties did not adopt the contract of Sunday, May 2, 1971 on a later secular day, therefore the plaintiff is barred from recovery on Count 1.

The case of *Skinner Irrigation Company* v. *Burke,* 231 Mass. 555, cited by the plaintiff, is to be distinguished. In the *Skinner* case, the parties entered into an oral Sunday contract which was void, however, by virtue of correspondence and subsequent conduct, the parties were found to have entered into a new enforceable contract. In the instant case, we have but one contract.

The case of *Fisher* v. *McDonald,* 332 Mass. 727, cited by the plaintiff, is not in point. In that case, it was held that the plaintiff's performance on Sunday of an undetermined part of work towards the purchase price of a house, under an oral agreement of sale not providing for such work, was not a defense to a suit for specific performance of the agreement to sell.

A contract executed on Sunday was not in issue.

The case of *Wasserman* v. *Roach,* 336 Mass. 564, cited by the plaintiff, is also to be distinguished. In the *Wasserman* case, it was held that negotiations on a Sunday which contemplated a purchase and sale agreement to be entered into at later date, did not bar the prospective buyer from recovering his deposit when the seller was unable to satisfy a condition of the agreement. Here, no further agreement was contemplated between the parties.

 A check given on Sunday in part payment of an invalid contract is void and will not be enforced as between the original parties. *Gordon* v. *Levine,* 197 Mass. 263. *Cranson* v. *Goss,* 107 Mass. 439, 443. The plaintiff cannot recover on Count 2.

 Where the plaintiff is denied recovery on the express contract because of its illegality, he may not indirectly recover on quantum meruit. *Stewart* v. *Thayer,* 170 Mass. 560, 562, 563. The court did not err in finding for the defendant on Count 3.

There being no prejudicial error, the report is ordered dismissed.

**So ordered.**

ROBERT K. CUNNINGHAM
 for Plaintiff
BURTON BOYER
 for Defendant