[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Frank F. Grondolsky, brings this action against the defendants, Daniel T. Costello and Costello Dismantling Company, Inc., for damages arising out of the breach of an employment contract signed on February 1, 1998.
The contract was executed in Middleboro, Massachusetts, the principal place of business of Costello Dismantling Company, Inc.
The corporation is engaged in the demolition and dismantling of various CT Page 17169 structures throughout the Commonwealth of Massachusetts.
On Sunday, February 1, 1998, the plaintiff, Frank Grondolsky, traveled from his home in Bethel, Connecticut, to Middleboro, Massachusetts, to discuss with the defendant, Daniel T. Costello, the possibility of his becoming an employee of Costello Dismantling Company, Inc.
On that date, the plaintiff and the defendant, Daniel T. Costello, acting in his capacity as president of Costello Dismantling Company, Inc., signed a contract of employment after a negotiating session.
The contract, consisting of two pages, provided for a minimum term of employment of two years and a base salary of $2325 per week.
The contract contained a "Termination" clause which provides: "Termination shall not interrupt the Salary as further stated in this Agreement for a period of two (2) years. Notification of Employment Termination cannot be given for the first Two (2) years. . . ."
The plaintiff's employment with Costello Dismantling Company, Inc. was terminated on June 14, 1998.
He brings this action to recover under the terms of the February 1, 1998 contract.
The complaint alleges a breach of the employment contract against both Daniel T. Costello, individually, and Costello Dismantling Company, Inc.
There is also a claim brought pursuant to § 42-110 (a) et seq. of the General Statutes, alleging an unfair trade practice as to both defendants.
The defendants have moved for summary judgment as to all counts.
They argue that the contract of employment is void, consistent with the laws of Massachusetts, because it was executed on a Sunday.
The defendants claim that Massachusetts law applies to the transaction.
The plaintiff contends that a genuine issue of material fact exists as to whether Connecticut or Massachusetts law should be applied to the transaction.
He claims that the terms of the contract are entitled to full force and effect, notwithstanding the execution of the contract on a Sunday. CT Page 17170
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when documentary and other evidence demonstrates that no genuine issue of material fact exists between the parties and the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11 (1983); Daily v. New Britain Machine Co., 200 Conn. 562,568 (1986).
The moving party has the burden of showing what the truth is as to the existence of any genuine issue of material fact. Yanow v. TealIndustries, Inc., 178 Conn. 262, 268 (1979).
Connecticut Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
A material fact is defined as one which will make a difference in the result of the case. United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 379 (1969).
In deciding a motion for summary judgment, the trial court must view all evidence in the light most favorable to the nonmoving party. HomeInsurance Company v. Aetna Life Casualty Co., 235 Conn. 185, 202
(1995). The burden is on the moving party to show quite clearly what the law is, and that it excludes any real doubt as to the existence of any genuine issue of material fact. Fogarty v. Rashaw, 193 Conn. 442, 445
(1984).
The test to be applied is whether the party seeking summary judgment, if the case were tried to a jury, would be entitled to a directed verdict. United Oil Co. v. Urban Redevelopment Commission, supra, 380.
 LAW OF MASSACHUSETTS GOVERNS THE EMPLOYMENT CONTRACT
As a general rule, the validity and construction of a contract is determined by the law of the place where the contract is made. Whitfieldv. Empire Mutual Insurance Co., 167 Conn. 499, 506 (1975); EnterpriseLeasing Corporation v. Dixon, 1 Conn. App. 496, 498 (1984).
Restatement (Second), Conflicts of Laws § 188 has adopted the general rule, but has provided some flexibility by incorporating five (5) factors to be considered by the court regarding a particular contract. CT Page 17171
Those factors include the place where the contract is made; the place where the agreement was negotiated; where the contract is to be performed; the subject matter of the contract; and the domicile, residence, or place of incorporation of the entity involved in the transaction.
The Restatement test, often referred to as the "most significant relationship" test, is similar to the test to be applied in a Tort context pursuant to Restatement (Second), Conflict of Laws § 145.O'Connor v. O'Connor, 201 Conn. 632, 634 (1986).
As the plaintiff correctly points out, Connecticut has abandoned in the Tort context the rigid application of lex loci delicti, opting instead for the "most significant relationship" test. Id., 650.
However, even in the absence of a choice of laws clause, a contract of employment is typically made in only one jurisdiction.
Where a contract of employment was made in Connecticut, the Connecticut Workers' Compensation Law applied, even though the injury to the employee occurred in another state. Morin v. Lemieux, 179 Conn. 501, 506 (1980);Simaitis v. Flood, 182 Conn. 24, 34 (1980).
Here, there is no choice of law provision in the contract.
The plaintiff, Frank Grondolsky, was a resident of Bethel, Connecticut, on February 1, 1998.
However, the contract was signed in Massachusetts by one acting by and on behalf of a Massachusetts corporation.
Furthermore, the principal place of business of Costello Dismantling Company, Inc. is in Massachusetts, and the contract was to be performed at the principal place of business of the corporation.
The assets of the corporation are located in Massachusetts, and there is no place of business in Connecticut.
It is clear that the state in which the agreement was signed is also the jurisdiction with the "most significant relationship" to the transaction between the parties.
Therefore, it is found that the employment agreement is governed by the law of Massachusetts.
 THE CONTRACT IS UNENFORCEABLE UNDER MASSACHUSETTS LAW
CT Page 17172
During oral argument, the parties acknowledged that, under applicable Massachusetts law, the contract was void and unenforceable.
Massachusetts General Law Chapter 136, Section 5, provides:
 Whoever on Sunday keeps open his shop, warehouse, factory or other place of business, or sells foodstuffs, goods, wares, merchandise or real estate, or does any manner of labor, business or work, except works of necessity and charity, shall be punished by a fine of not less than twenty dollars nor more than one hundred dollars for a first offense. . . .
Although the statute now includes fifty-five (55) specific exceptions,[1] none apply to the facts of this case, to take this case out of the general rule that contracts made on Sunday in Massachusetts are illegal and are not enforceable. Ryan v. Gilbert,320 Mass. 682 (1947). Not being a contract of necessity, or charity, or falling within any of the exceptions contained in the statute, the contract is void and unenforceable. Ackerman v.Durand, 9 Mass. App. Dec. 42, 43.
Nor will the subsequent conduct of the parties ratify a contract and give effect to an agreement which was void at its inception. Brouchu v.Haigh, 51 Mass. App. Dec. 174, 180 (1973).
Although this common law doctrine has not been popular with many courts; Cameron v. Gunstock Acres, Inc., 370 Mass. 378, 380 (1976); and the statutory proliferation of exceptions has tended to swallow up much of the rule's practical application, the principle has not been discarded.
It is not for this court to accomplish from afar that which the courts of Massachusetts or that state's legislature have refused to do, having had the benefit of close inspection.
The defendants' motion for summary judgment is granted.
Radcliffe, J.